### *Ex Parte* B. E. BOWLES

Submitted September 11, 1935. Decided September 17, 1935.

*Claude L. Smith* and *S. P. Riddle,* for petitioner.
*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,*

Assistant Attorney General, for respondent J. K. Myers, Sheriff of Boone County.

MAXWELL, JUDGE:

B. E. Bowles seeks by habeas corpus to obtain release from the custody of the sheriff of Boone County.

At the February term, 1935, of the circuit court of Boone County petitioner was convicted of second degree murder and sentenced to penitentiary confinement of five years. Having signified to the court his intention of applying to the Supreme Court of Appeals for a writ of error, he was admitted to bail. At the next succeeding term of the circuit court, petitioner was permitted, on the 13th of May, to renew his recognizance.

August the 14th he was awarded writ of error and the same is now pending in this Court. August the 20th the circuit court remanded the petitioner to jail. The following order was entered that day: "This day came B. E. Bowles in answer to his recognizance heretofore entered into, and moved the Court that he be granted further bail in said matter on the ground that a writ of error has been granted to the said Bowles to the judgment of the Circuit Court of Boone County entered against him at the February, 1935, term thereof, sentencing him to a term in the penitentiary, and the Court being of the opinion, under chapter 38 of the Acts of the Legislature, 1935, and after considering the case of Ex Parte Hill, 51 W. Va. 536, that there is no authority in the Court to grant bail, said motion is overruled, and he is committed to the hands of the Sheriff."

Petitioner's resulting incarceration is the reason for his prosecuting this proceeding.

The legislative Act referred to by the circuit court in the order of August 20, 1935, was passed by the legislature February 18, 1935, and became effective May 19, 1935. It will be noted that its effective date was six days subsequent to the renewal of petitioner's recognizance May 13, 1935. The Act thus not having been effective when the said renewal was accepted by the trial court on the 13th of May, the petitioner's rights under the recognizance must be measured under the statute which was operative on the date it was executed. Such

statute is Code 1931, chapter 62, article 1, section 6. The pertinent portion thereof provides: ''That in cases where bail has been allowed, after conviction as aforesaid, the condition of the recognizance, or bond, shall be that the accused shall appear before the said circuit, intermediate or criminal court at its first regular term after the appellate court shall have rendered its final order or judgment, upon such writ of error, appeal or supersedeas, and submit himself to such order or judgment, and to be further dealt with according to law.''

The circuit court having in its discretion sustained petitioner's initial request that he be admitted to bail, the condition of the recognizance should have been the one, and only the one, definitely prescribed by the statute. A statute prescribing the condition of a bond must be considered part thereof. *State* v. *Nutter,* 44 W. Va. 385, 30 S. E. 67; *State* v. *Wotring,* 56 W. Va. 394, 49 S. E. 365; *Hicks* v. *Randich,* 106 W. Va. 109, 144 S. E. 887; *Lumber Co.* v. *Smithey,* 107 W. Va. 482, 489, 148 S. E. 850. The condition of the recognizance for petitioner's appearance on the first day of the succeeding term of the circuit court, if a writ of error had not then been granted, was a condition not warranted by the statute. If it is expedient that trial courts should have authority to subject convicted persons admitted to bail to more restrictive conditions than the one directed by the said statute, such matter is proper for legislative consideration and not for judicial interpolation. The superfluous portion of the recognizance should therefore be considered immaterial, and the petitioner be deemed to stand on the statutory condition of the recognizance, that is, that he make appearance at the first regular term of the circuit court of Boone County after the Supreme Court of Appeals shall have disposed of his case. The recognizance, so conditioned, remains effective. It entitles petitioner to be at liberty pending disposition of his case by the appellate court.

*Prisoner discharged.*