C. W. RIGGS *et al.* v. STATE ROAD COMMISSIONER

(No. 8774)

Submitted May 25, 1938. Decided June 21, 1938.

*Jess Hammock* and *Lee, Blessing & Steed,* for relators.

*Clarence W. Meadows,* Attorney General, and *Forrest B. Poling,* Assistant Attorney General, for respondent.

MAXWELL, PRESIDENT:

This is a proceeding in mandamus under the court's original jurisdiction.

Relators, husband and wife, own jointly a lot of land which fronts on old State Route 75 immediately south of the City of Kenova in Wayne County. For some years relators have occupied this property as a home and for business purposes.

In September, 1937, there was completed, under authority of respondent, a relocation of State Route 75 in front of the property in question. At this point the new road was constructed at a level, twenty feet, more or less, higher up the hill than the old road. The latter was left intact except to the extent that stone and dirt from the bottom of the embankment of the new road encroached somewhat on the surface of the old, the two roads being practically parallel in the vicinity of the relators' property.

In their petition and proof the relators take the position that, though there has been no taking of any portion of their property, it has been seriously damaged by the new construction, and that, notwithstanding the work had been completed for five and one-half months when the petition herein was filed, the respondent had declined to institute proceedings to ascertain the amount of the damages suffered by relators. They seek mandamus to compel respondent to proceed to have the damages set-

tled. Respondent, by answer and depositions, denies that the property of relators has been damaged.

Although there is sharp conflict between the parties in both allegation and proof respecting the alleged damage, we are of opinion that the showing made by relators is sufficient to entitle them to have the controversy determined in a proceeding usual for such matters. Always, in some manner, there must be opportunity afforded property owners for judicial determination of their *bona fide* claims of damages to their property on account of public improvements. Any other conclusion would not be consonant with fundamental principles. Consult: *Simms* v. *Dillon*, 119 W. Va. 284, 193 S. E. 331, 113 A. L. R. 787. In this connection, however, the principle must not be overlooked that owners of property abutting a thoroughfare are not entitled to damages merely because a new way has been constructed on another location, thus leaving the complaining owner's property less advantageously situated than previously. *Dick* v. *Hinton*, 109 W. Va. 708, 156 S. E. 81; *Richmond* v. *Hinton*, 117 W. Va. 223, 185 S. E. 411; *Heavner* v. *State Road Commission*, 118 W. Va. 630, 191 S. E. 574.

In *Hardy* v. *Simpson, Road Commissioner*, 118 W. Va. 440, 190 S. E. 680, 683, we stated: "A duty rests on the state to take necessary steps under our condemnation statutes to ascertain damages to the owners of private property, whether the same is actually taken, or damaged only. * * * We conclude that the Road Commissioner may be required to institute such proceeding as may be necessary to ascertain and pay proper damages to property owners where their property is either taken or damaged; but the commissioner has a reasonable discretion as to the time when such proceeding shall be instituted, in cases of property damage only * * *." By statute, Acts 1937, Chapter 122, Code 1937, 54-2-14, the commissioner is not required to proceed to have damages ascertained until a reasonable time has elapsed after the completion of the work. With reference to the work

here involved, we are of opinion that a reasonable time has elapsed.

"Private property shall not be taken or damaged for public use, without just compensation * * *." West Virginia Constitution, Article III, Section 9. It is imperative that this paramount provision of our organic law be given effect.

For reasons set forth, a writ is awarded as prayed.

*Writ awarded.*