WALTER M. ELSWICK, Judge.
The allegations of the petition filed in this case, insofar as they are material to the question of jurisdiction of this court are as follows:
That claimant, a resident of Cabell county, West Virginia, is the owner of real estate abutting on fifth street road, state road route No. 52, about one-half mile from Huntington city limits; that in December 1936, the state road commission constructed the said highway in front of claimant’s house, and that “the construction of this highway caused the channel of a stream to be so diverted that it has been and will continue to damage the complainant’s property and during highwater endangers his home.”
The state road commission, by the attorney general, filed a special plea to the petition alleging that the cause of action of claimant, if any, can be determined by a mandamus proceeding in the proper circuit courts of this state against the state road commission, and that by reason thereof said claim is thereby excluded from the jurisdiction of the state court of claims, by *85 virtue of subsection 7, section 14, chapter 20, acts of the Legislature 1941.
A copy of said special plea filed was mailed to Robert S. Starcher, Huntington, West Virginia, attorney for the claimant, on the 17th day of January 1942, and the claim came on for hearing on the question of jurisdiction of the state court of claims on the 26th day of January 1942. On said date no appearance was made by claimant either in person or by counsel, and the court took the question of jurisdiction of the claim under consideration.
Prior to the passage of chapter 20 of the acts of the Legislature of 1941, the Supreme Court of our state in the case of Riggs v. State Road Commission, 120 W. Va. 298, 197 S. E. 813, affirming Hardy v. Simpson, Road Commissioner, 118 W. Va. 440, 191 S. E. 47, held that where highway construction or improvement results in probable damage to private property without an actual taking thereof, and the owners in good faith claim damages, the state road commissioner has statutory duty to institute proceedings within a reasonable time after completion of work to ascertain damages, if any, and, if he fails to do so, after a reasonable time, mandamus will lie to require the institution of such proceedings.
These decisions are based upon the imperative provision of our constitution, article 3, section 9, that “private property shall not be taken or damaged for public use, without just compensation.” While the remedy provided for therein remains unchanged these decisions would remain as precedents for the courts of our state as to the procedure followed, and so long as the same exist, the jurisdiction of the state court of claims does not extend to any claim upon which a proceeding may be maintained by a claimant in the courts of the state, as provided for in subsection 7, section 14 of chapter 20 of the acts of 1941. It appears from the petition in this case that the claim of F. F. Cottle filed herein is such a claim as may be proceeded on under the decisions in the Riggs and Hardy cases, and being a claim of such nature it is excluded from the jurisdiction of this court, and an order was entered accordingly.