CHARLES L. NEWMAN *v.* ERNEST L. BAILEY, *State Road Commissioner*

(CC 657)

Submitted September 3, 1942. Decided October 6, 1942.

*Paul J. Shiben* and *Walter F. Ball,* for plaintiff.
*W. E. Lemon* and *William T. McComas,* for defendant.

LOVINS, JUDGE:

Charles L. Newman filed his petition in the Circuit Court of Wetzel County, praying for a writ of mandamus

to require respondent to institute proceedings in condemnation for the purpose of ascertaining the amount of damages to which petitioner may be entitled as the owner of certain real estate through and over which two public roads have been constructed. The respondent demurred to petition, assigning three grounds in support of his demurrer. The court overruled the demurrer as to one ground but sustained it as to the other two, and, upon joint application of the parties, certified its ruling to this Court.

It appears from the allegations of the petition that Newman is the owner of a tract of land situate in Wetzel County, which he acquired by conveyance December 20, 1938, over and through which land a public road had been opened and maintained for more than fifty years. It is alleged that there is another road on the land owned by petitioner which was constructed prior to the year 1933. Petitioner further alleges that respondent in the year 1933 constructed two new public roads on and over the land now owned by Newman; that the new roads are laid out in the same general direction as the old roads; that the new roads have not been in continuous use since the construction thereof; but that at the time of the institution of the suit and for a considerable time prior thereto had been in use as public roads and under the control of respondent, notwithstanding objections of petitioner and his predecessor in title. Petitioner asserts that the use of his land by respondent is in derogation of his rights, the respondent never having acquired any right-of-way over petitioner's land for the construction of the new public roads, and prays that a writ of mandamus issue requiring respondent to institute a condemnation proceeding to ascertain the damages to which petitioner is entitled by reason of the construction of the new roads. The respondent assigns as grounds of demurrer to the petition: (a) That he is an officer of the State of West Virginia, and by reason of Code, 14-2-3, as amended, that this proceeding must be instituted and determined in the Circuit Court of Kanawha County; (b) that the petition shows that Newman was not the owner of the land at the time the roads

were constructed; and (c) that the petition does not show that the roads were constructed after May 16, 1933, the effective date of the Act (Chapter 40, Article IV, Sec. 6, Acts, 1933, Ex. Sess.), which requires that the cost of acquiring rights-of-way for road purposes be paid out of the state road fund, county courts prior to that time being required to pay such costs.

The first ground of demurrer raises a question as to the venue for this proceeding which requires consideration of Code, 14-2-3, amended by Chapter 20, Acts of the Legislature, 1941, to read as follows:

"The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha County:

"1. Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee.

"2. Any suit attempting to enjoin or otherwise suspend or affect a judgment or decree on behalf of the state obtained in any circuit court.

"This section shall apply only to such proceedings as are not prohibited by the constitutional immunity of the state from suit under section thirty-five, article six of the constitution of the State."

Prior to the amendment of 1941, the statute as to venue of a suit against a state agency was considered by this Court in the suit of *Davis* v. *West Virginia Bridge Commission et al.*, 113 W. Va. 110, 166 S. E. 819. It was there held that the proper venue of a suit challenging the validity of a contract entered into by the commission for the purchase of a bridge located in Summers County was the county where the state capital was located. Later this Court held that the terms of the same statute were not broad enough to include the state tax commissioner and that "a suit against that official may be brought in any county where there is jurisdiction and venue." *Ice Cream Co.* v. *Hickman*, 119 W. Va. 351, 193 S. E. 553, decided before the statute took its present form. The language used

in Code, 14-2-3, as amended, leaves little room for doubt. The respondent is a defendant; he is in the category of "any other state officer," and in this proceeding he is not made a defendant as a garnishee or suggestee.

It is urged that Code, 53-1-2, fixes venue as to writs of mandamus in the county where the record or proceeding is, to which the writ relates. We do not think that the mere act of respondent in appropriating the land now used for the new roads constitutes a proceeding or a record. But conceding that a record or a proceeding is in Wetzel County, no reason is perceived why the legislature could not make an exception as to the venue of proceedings against state officers. It is further contended that mandamus, being an extraordinary remedy, is not within the purview of Code, 14-2-3, as amended. Originally, mandamus was an extraordinary prerogative writ. Subject to some qualifications a mandamus in modern practice is now considered as an action at law between the parties. *Fisher* v. *City of Charleston,* 17 W. Va. 595; *State ex rel. Matheny* v. *County Court,* 47 W. Va. 672, 35 S. E. 959. While the use of the word "suit" in Code, 14-2-3, may be inept, we think that, considering the section as a whole, the statute applies to actions at law, as well as suits in equity, and that venue of this proceeding is in Kanawha County. What has been said with reference to venue is inapplicable to the original jurisdiction of this Court conferred by Article VIII, Section 3 of the constitution.

We come to a consideration of the ruling of the trial court as to the second ground of the respondent's demurrer. While the views hereinbefore expressed dispose of the question of venue, they do not determine the actual rights of the petitioner to recover compensation for the land alleged to have been occupied by the new roads and damages, if any, to the residue of the land. Can a grantee recover such compensation and damages, accrued prior to his acquisition of the land?

The petition charges that entry on and appropriation of the land for the new roads were unlawful. Treating that assertion as true, whose land was appropriated and dam-

aged by reason of the construction of the new roads? Certainly not the petitioner's, as he did not acquire the land until more than four years after the alleged illegal entry. The owner at the time of the completion of the roads could waive his rights, assert them in a proper proceeding or assign them. *Briar Creek Ry. Co.* v. *Kanawha Cent. Ry. Co.*, 70 W. Va. 226, 73 S. E. 726, (waiver); *Riggs* v. *State Road Commissioner*, 120 W. Va. 298, 197 S. E. 813, (mandamus by owner to require commissioner to institute condemnation proceedings).

The new roads had been constructed for at least four years when petitioner purchased the land. The additional burden and consequential damage, if any, were complete at the time of the conveyance to Newman. It is only reasonable to say that if the land was diminished in value by reason of the construction of the roads such diminution may have been taken into consideration by Newman in fixing the amount of the purchase price, and that the former owner or owners did likewise.

The construction of the roads may have caused injury to the land, but the injury to the land was complete when the construction of the two roads was finished. This injury gives rise to a personal right vested in the then owner, and did not pass with the land. Lewis Eminent Domain, Third Ed. Section 895; Nichols on Eminent Domain, Second Ed. Section 440. This right is entirely independent of the title to the land, and therefore the provisions of Code, 54-2-12 are inapplicable.

There are no allegations in the petition which disclose or assert that the right of the former owner was transferred by the deed of conveyance or by a separate assignment. Can it be said that in the absence of such transfer or assignment Newman acquired the right to compensation and damage which accrued prior to the date of his ownership?

The assignability of such personal right is not before us, and we refrain from a discussion thereof. However, it is proper to say that no assignment is alleged and in the absence of some special mention in the deed of con-

veyance or separate assignment the right to enforce the collection of compensation or damages being a personal right did not pass to Newman. Accord: *Croft* v. *Scott Bluff County,* 121 Neb. 343, 237 N. W. 149; *Breigel* v. *Breigel et al.,* 307 Pa. 93, 160 A. 581; *Carroll* v. *Davis,* 128 S. C. 40, 121 S. E. 601; *Russakov* v. *McCarthy Co.,* 206 Cal. 682, 275 P. 808; Am. & Eng. Ency. of Law, 2nd Ed. Vol. 10, page 1189; C. J. S., Title Eminent Domain, Section 202.

Agreeable to the foregoing principles, we hold that the proper venue for a mandamus proceeding instituted in a circuit court against the State-Road Commissioner for the purpose of requiring him to institute condemnation proceedings is in the Circuit Court of Kanawha County. What we have said makes it unnecessary to discuss the other ground of demurrer.

The ruling of the trial court on the first ground of demurrer is reversed.

*Reversed.*

Rose, Judge, concurring in result:

I cannot but think that, by certain views intimated in the majority opinion, the relator would be deprived of a substantial estate in his land without compensation.

In 1933, the State (or the county, it matters not) without any right or claim or pretense of right so to do, entered upon the land owned by the relator and thereafter constructed and has ever since maintained across the same a public highway. This act, had it been perpetrated by any one other than the sovereign state would have been a gross tort. By this wrong, the state acquired no right, interest or estate in the land, and the then owner lost none. Hence, Oblinger, came to the time of his conveyance to Newman seized absolutely of the whole and complete estate in the land, unincumbered by any easement, right of way, or any other right or interest, vested, inchoate, initiate or of any other character, in the state. He owned the land as he had always owned it, injured, of course, by the state's wrongful act, but with his estate

undiminished, unincumbered and unaffected in the least thereby.

Oblinger, the owner at the time of the injury by the state, conveyed to Newman, the relator herein. He conveyed, without exception or reservation, express or implied, his whole estate in the land, and the grantee succeeded to Oblinger's title in all its fullness and perfection. The new owner acquired the land free from any right, title or interest in the state, since the state had acquired and owned none, and Oblinger had divested himself of none. Of course, whatever right to compensation for injury to the land Oblinger had was personal to him and could not pass by the deed, or by any other method of assignment; but the land passed by the deed, and every possible interest or title in it, which Oblinger held.

The state then continued all these years to occupy and use the highway across the relator's land—an act which in a private individual would be a continuing and ever-repeated trespass. Since the state cannot be made a party defendant to a suit or action, the landowner cannot protect himself against this invasion of his land by ejectment, injunction or any other remedy. This Court has accordingly held that under such circumstances, the landowner may by mandamus compel the State Road Commissioner to institute and prosecute a condemnation proceeding by which to acquire and pay for an easement in, or right of way over, the land on which the highway lies, as well as to ascertain damages incident thereto. *Stewart* v. *State Road Commissioner*, 117 W. Va. 352, 185 S. E. 567; *Hardy* v. *Simpson*, 118 W. Va. 440, 190 S. E. 680; *Riggs* v. *State Road Commissioner*, 120 W. Va. 298, 197 S. E. 813.

Such easement, or right of way, must of necessity be carved out of the land and be obtained from the owner thereof. It cannot be acquired from him who owned the land when the original entry was made, because he owns no interest in the land. The state could not at this time buy an easement from him, and no more can such easement be acquired by condemnation. He owns no interest of any kind in the land—nothing which the state can ac-

quire, nothing for which he is entitled to pay. The state stands, as it has always stood, wholly without any right or pretense of right to such easement. It must begin from the beginning, in precisely the same way as though it had never trespassed. It must now get this right of way from the man who owns the land, not from any former owner, and that man must be paid for it. He may not be entitled to damages for the building of the road, but he is entitled to compensation for the easement in his land, and this justifies his right to mandamus to compel the commissioner to institute a proper proceeding for ascertaining such compensation, and for coercing its payment.

I believe it will be found that not one case mentioned in the majority opinion is at variance with the conclusion thus reached. All these cases, so far as I can ascertain, relate to either (1) damages only, as distinguished from compensation for the estate in the land taken, or to (2) compensation for the right of way taken, where condemnation proceedings had been instituted and the right to compensation accrued or vested before the land was conveyed. Not one relates to a case where the highway was built absolutely without any right whatever, and the right of way is to be carved out of the land long after the land has legally passed into the hands of another. The majority seem to assume that the state, when it built the road, acquired from the then owner of the land an easement for which that owner must be paid. This, of course, is a misapprehension. The then owner was damaged, for which he is entitled to compensation, but the state got no easement or right of way from him, and consequently, owes him nothing on that score.