ROBERT L. BLAND, Judge.
Jesse Wright, the claimant in this case, is a negro octogenarian of Braxton county, West Virginia. He is a thrifty, upright man and a good citizen. Since the death of his wife 14 years ago he has resided alone on a farm of about eighty-seven and one-half acres of land which he owns on Grannies creek, approximately two miles from the town of Sutton, the county seat, on United States route no. 19. On the 16th day of April, 1940, he entered into an agreement in writing with the state road commission by the terms of which he gave the commission an option to purchase, within the term of one year, a right of way through a designated part of his land for the purpose of constructing, building and maintaining thereon a state road or highway at the price of $400.00. At that time the existing state road ran around the hill on the upper side of his residence. He was advised that the road commission decided to make a change in the location of this road and that the center line of the new road would pass through about the middle of his dwelling house and extend from the line of his land near *406 est to Sutton to the property of a neighbor by the name of Berry, as shown by the survey. Instead of building the road as thus surveyed and for the distance designated when the option was executed the road commission went 60 or 70 feet away from that proposed route and constructed the road on an entirely new and different location along Grannies creek for the entire length of his property, being practically twice the distance which he had been informed that the route would embrace according to the original survey. It also changed the course of Grannies creek. To do this it channeled out lax-ge sections of claimant’s land, using the soil thus obtained in grading a new road.
The evidence disclosed that the road commission has occupied the very best part of claimant’s land being the bottom land of the farm. By reason of the improvements made claimant’s access to all of that part of his farm lying to the north or northwest of Grannies creek has been cut off from access thereto. It is obvious to the court that the state has not only taken his land for public purposes without paying him just compensation therefor but that he has been seriously and grievously damaged. It is unnecessary, we think, to make further statement of the facts. His claim is one of the most meritorious yet presented to the court of claims for consideration. The members of the court are unanimous in their judgment that claimant’s case is possessed of exceeding merit. According to the evidence he has been grievously and unjustly imposed upon. We believe, however that the court is without power to make an award and that its jurisdiction to do so is excluded by subsection 7, section 14 of the court act. It is expressly provided that the jurisdiction of the court shall not extend to any claim with respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of the state. We feel1 that the court is bound by Hardy v. Simpson, 116 W. Va. 440, 191 S. E. 47, and Riggs v. Commissioner, 120 W. Va. 298, 197 S. E. 813. In the case of F. F. Cottle v. State Road Commission, 1 Ct. Claims (W. Va.) 84, we laid down this rule:
*407 “Hie state court of claims will not entertain jurisdiction of a claim upon which a proceeding may be maintained by or on behalf of a claimant in the courts of the state.”
If we are without jurisdiction to consider a claim and act upon it, however meritorious in our opinion the claim may be, we are helpless in the premises.
In this case we are satisfied that a great wrong has been done to the claimant. His land has been appropriated and used for public purposes. He has, as the record clearly shows, been damaged. He fixes the amount of his damage at $1000.00. If we had the power to do so we would unquestionably make a substantial award in his favor.
However, because we are of the opinion that our jurisdiction of the claim is excluded by the statute in view of the holding of our Supreme Court of Appeals in the two cases above cited, an award is denied and the claim dismissed.
We are not aware of any reason that would preclude the presentation to the Legislature of a special bill for the relief of claimant.