ROBERT L. BLAND, Judge.
Claimant Jessie Williams is the owner of a lot or parcel of land containing one and one-sixth acres situate on Grannies creek, contiguous to United States route 19, about one mile north of Sutton, in Braxton county, West Virginia. On this lot she has erected a comfortable modern one-story dwelling house, at an initial cost of about $1650.00. As now improved it is valued by claimant at about $2500.00. It is located on the rear of the lot. Immediately in front of this residence is a very pretty lawn. The property abuts on one side on a secondary road. The land from the lawn to Grannies creek is loose, sandy fertile soil.
In making improvements on route 19 the state road commission made a change in the course of Grannies creek. At a certain point not far distant from claimant’s property there was a bend in the creek, making a sharp turn. In order to straighten the stream at this point and take the sharp turn out and thereby make the creek almost a straight line the *409 road commission caused a culvert to be constructed, which-would take the water from the stream at the point of the culvert instead of letting it run in its natural and original course. At the end of the culvert adjacent to claimant’s property a large section of earth was channeled out. The water from the culvert was cast in a body where the earth had been removed and created a large pool. Every time that there is a freshet or high water portions of claimant’s property would be washed away. As a result of this condition practically everything growing on claimant’s garden was destroyed at one of these times. The evidence shows that a strip between 75 and 100 feet long and possibly at the deepest place about 12 or 15 feet on claimant’s property has been wholly washed away. When the last flood in that vicinity occurred the high bank next to the property was washed away, thereby further endangering the property of claimant. This flood washed a section of ground away from the culvert at the point of what was the high bank. Claimant’s premises lay just a little bit lower than this bank next to the channel. By washing it out a small flood will possibly get a little more of the soil from her property. After the water passes through the culvert it washes on through and upon the premises of claimant. The high ground was removed by the road commission. The water will probably keep washing away the soil.
The evidence shows that claimant has already suffered substantial damages and that such damages will continue from time to time unless a wall of concrete or stone shall be built to protect the property.
Claimant’s damages up to the present time are variously estimated. Substantial witnesses from Braxton county place such damages from $600.00 to $1000.00 and say that they are continuing in character.
The members of the court are unanimous in the opinion that the claim is meritorious and would, if it were in their power, make an award therefor, but believe that the court is without power to make such award and that its jurisdiction *410 to do so is excluded by subsection 7, section 14 of the court act. It is expressly provided that the jurisdiction of the court shall not extend to any claim with respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of the state. We feel, however, that the court is bound by Hardy v. Simpson, 116 W. Va. 440, 191 S. E. 47, and Riggs v. Commissioner, 120 W. Va. 298, 197 S. E. 813. In the case of F. F. Cottle v. State Road Commission, 1 Ct. of Claims (W. Va.) 84, we laid down this rule:
“The state court of claims will not entertain jurisdiction of a claim upon which a proceeding may be maintained by or on behalf of a claimant in the courts of the state.”
Counsel for claimant, at present a member of the State Senate and an astute lawyer, will, we think, readily understand the court’s limitations. If we may assume jurisdiction in one instance not conferred by a statute there would be nothing to preclude us from doing so in all cases. We can only make an award in those cases in which power is expressly conferred upon us to do so. We know of no reason that would preclude the presentation to the Legislature of a special relief bill in the instant case.
Only for the reason that we do not have power to make an award, an award in the case is now denied and the claim dismissed.