ROBERT L. BLAND, Judge.
An award for $7000.00 against the state is sought in this case.
It is alleged in the petition ¿>f claimants that on the 28th day of August, 1936, claimant, Altha E. (Dillon) Solomon, wife of F. P. Solomon, was the owner of lots nos. 1, 2, 3 and 4 of block 24 of Patton’s Division of Amandaville, in Jefferson district, Kanawha county, West Virginia, and that said lots had a frontage of 160 feet, more or less, on the Kanawha and James River turnpike, now the Charleston-Huntington highway known as u. s. route no. 60, in the city of St. Albans, in said Kanawha county, with a depth extending southward from said highway a distance of approximately 160 feet. Said lots were situated on a hillside and were improved by two frame dwelling houses, a large two-story house, in which claimants resided, situated on the easterly half of the parcel of land composed of said lots, and a one-story house situated on the westerly side of said parcel of land, which claimants let out to *435 rent. The body of the first mentioned house was fifty feet from the front property line and the second house was about forty-one feet from the front property line of said parcel. The land sloped from said residences to the old Kanawha and James River turnpike on a comparatively gentle grade. This slope was and had been for many years well sodded and had remained in the same condition undisturbed in any way by natural or artificial causes.
On the said 28th day of August, 1936, the state road commission of West Virginia, in a proceeding entitled The State of West Virginia by the State Road Commission of West Virginia, a corporation, v. Altha E. (Dillon) Solomon, F. P. Solomon, her husband, et al., filed its petition in the common pleas court of Kanawha county, West Virginia, for the condemnation of a certain described portion of the land owned by the said claimant, Altha E. (Dillon) Solomon. Said condemnation proceedings were prosecuted to termination on the 20th day of February, 1937. The commissioners appointed in said cause filed their report on the 20th day of February, 1937. The award made to claimants for the portion of the real estate above-mentioned intended to be appropriated for highway purposes as just compensation therefor, as well as for damages to the residue of said real estate beyond the benefits which would be derived in respect to said residue from the work to be constructed, was the sum of $2,800.00. Said report was confirmed, without exception, by the court and the said sum of $2,800.00 was paid to the owner of said real estate.
In said proceeding the state of West Virginia appropriated for public road purposes an average of 33% feet off the front part of said lots nos. 1, 2, 3 and 4. It is averred that in the construction of the highway over and across the part of said lots appropriated in said condemnation proceeding the toe and the sodded portion of the slope in the front of said lots within the limits of the part appropriated were cut away and removed so as to leave a slope from the front line of the residue of claimants’ property to the ditch along the southerly side of said lot having a grade of forty-five degrees.
*436 Claimants say that from time to time after the construction of the highway by the state road commission of West Virginia on and over the parcel of land appropriated earth in varying quantities fell away from the embankment left by the state road commission adjoining the residue of said property, and that the earth which fell away from said embankment was removed by respondent after the same slipped away, and that earth has since continued to the present time to slip and fall away from said embankment so that instead of the slope originally contemplated, that is to say forty-five degrees, said slope has become and is materially altered and now presents the appearance of an almost perpendicular wall of earth.
It is further alleged by claimants that as a result of the slipping away of said embankment and the removal of said slips by the state road commission it has destroyed the lateral support which the residue of petitioners’ property had at and before the commencement of the work of constructing said road on and over the part of claimants’ land taken as aforesaid, and that as a consequence of the removal of said lateral support claimants’ residue of the lots, constituting the parcel of land owned by them, as shown upon the map filed with the petition of the road commission in said eminent domain proceedings, and the improvements on said real estate have been and are being greatly injured and damaged. Cracks in the ground and general damages to the two dwelling houses are specifically pointed out.
The state has moved to dismiss the claim for want of jurisdiction on the part of the court of claims to entertain and make determination of said claim. Respondent also, by way of further defense, has filed a plea of res adjudicada and contends that the claim involved herein was adjudicated and finally disposed of in the condemnation proceeding above mentioned.
Respondent contends that the damages to the property of claimants, if any, occurred from the construction of a state highway with excavation of forty-five degree embankment slopes and that such alleged damages, if any, that may have *437 occurred from the said construction work would be recoverable by a proper mandamus proceeding against the state road commission requiring the state road commission to institute condemnation proceedings to ascertain damages upon authority of Hardy v. Simpson, 118 W. Va. 440, 191 S. E. 47; State v. Riggs, 120 W. Va. 299, 197 S. E. 813; F. F. Cottle v. State Road Commission, 1 Ct. Claims (W. Va.) 84.
Some exceedingly interesting questions of law and fact are presented by the record. However, we are of opinion that under authority of the above cited cases claimants have a plain remedy in the courts of the state. We are further of opinion that the jurisdiction of the court of claims to make a determination of the claim in question is expressly excluded by subsection 7 of section 14 of the court act. In the case of F. F. Cottle v. State Road Commission, 1 Ct. Claims (W. Va.) 84, we laid down this rule:
“The state court of claims will not entertain jurisdiction of a claim upon which a proceeding may be maintained by or on behalf of the claimant in the courts of the state.”
In the case of Jessie Williams v. State Road Commission, claim no. 352, and the case of Jesse Wright v. State Road Commission, claim no. 351, both determined at the present term of this court, we held as follows:
“The state court of claims has no power to make an award for a claim with respect to which a proceeding may be maintained by or on behalf of the claimant in the courts of the state.”
We can act only within the limits of the jurisdiction conferred upon the court of claims.
The claim is dismissed.