R. W. Doss

*v.*

THE CITY OF MULLENS,

*A Municipal Corporation*

(No. 10123)

Submitted September 14, 1949. Decided November 1, 1949.

LOVINS, JUDGE, not participating.

*Bailey, Worrell & Bailey,* for plaintiff in error.

*W. M. Holroyd, D. Grove Moler,* for defendant in error.

352

KENNA, JUDGE:

This action of trespass on the case was brought by R. W. Doss in the Circuit Court of Wyoming County against the City of Mullens for the purpose of recovering $15,-000.00 alleged damage done by the defendant to the land and building of the plaintiff located within that city between Guyandotte Avenue and Holroyd Avenue by raising the grade of Holroyd Avenue in connection with its initial paving where plaintiff's improved sixty foot frontage abuts that street. The trial court set aside a verdict for $4,000.00 in favor of the plaintiff and it is to that order that this writ of error was granted on petition of the plaintiff below.

The verdict was set aside because in the opinion of the trial court it was prejudicial error for it to have refused the giving of "Defendant's Instruction No. 2", reading as follows:

> "The Court instructs the jury that if you believe from the evidence that the value of the Doss property immediately after the paving of Holroyd Avenue, including the benefits of said improvement to said property, if any, was more than the value of the property immediately before the improvement was begun, then you shall find your verdict for the defendant."

It will be noted that the instruction told the jury that in arriving at the value of the plaintiff's property after the improvement all benefits should be included, both general and peculiar, thus applying in an action of trespass on the case the rule established in condemnation cases by Chapter 28 of the Acts of 1933, amending Code, 54-2-9. We are, therefore, confronted at the outset with the question of whether the same elements should control in arriving at damage to real estate subjected to public use in actions of tort as in condemnation. We are of the opinion that the same rule should apply. We are of that opinion because if Chapter 28 of the Acts of 1933 were not applied to actions for the recovery of damages, it would mean that legal proceedings for exactly the same pur-

pose, although brought under a different type of procedure, would be governed by substantially different rules leading to materially different results. If the State for public use damages property without taking, although it cannot be sued, mandamus may require it to institute a condemnation proceeding in which the property owner may establish and recover his damages. *Riggs* v. *State Road Commissioner,* 120 W. Va. 298, 197 S. E. 813; *Hardy* v. *Simpson,* 118 W. Va. 440, 190 S. E. 680, 191 S. E. 47. However, if a municipality damages private property it may be sued. We cannot say that it was the purpose of the Legislature to discriminate between municipalities and the State of West Virginia in identical instances where either may be haled into court and damages recovered, fixing their measure of damages on materially different bases. To do so would be a departure from the principle of uniformity.

Having determined that that phase of defendant's Instruction No. 2 is a correct statement, it is not difficult to conclude that the instruction is a sound statement of the law concerning damage to real property. The plaintiff complains because the basement floor at the back of his building fronting sixty feet on Holroyd Avenue is now thirty two inches below, though five feet from, the paved grade of the street, thus preventing the free passage of trucks for which the basement was rented. Here we are not concerned with damage caused by actual trespass upon the plaintiff's property. According to his contention there is no way that his damage may be repaired as long as the grade and paving of Holroyd Avenue are maintained in their present height. Therefore, the value of his real property immediately before the damage was done, less its value immediately afterwards, arrives at the correct amount. *Blair* v. *City of Charleston,* 43 W. Va. 62, 26 S. E. 341; *Crowl* v. *Railroad Company,* 92 W. Va. 188, 114 S. E. 521.

Plaintiff in error, however, urges that it was not error to refuse the giving of defendant's Instruction No. 2 for the reason that there were other instructions which ade-

quately covered the same question. We think not. The other instructions considered special benefits as an element. In the light of the 1933 amendment, in our opinion this was unnecessary and resulted in confusion. Chapter 28, Acts of the Legislature, 1933, Regular Session. We think that they should not have been approved in the form that they were given. The giving of an erroneous instruction, though unobjected to, can in no way cure an error committed by the refusal of a correct instruction. Furthermore, instructions which told the jury how to arrive at the amount of a verdict for the plaintiff did not expressly instruct it to find for the defendant in the absence of such a showing. The defendant was certainly entitled to have the jury told that if in its opinion the plaintiff had not established by a preponderance of the evidence that his property had been damaged to his financial injury it should find for the defendant. We are of the opinion that there was no error committed by the trial court in setting aside the verdict and granting the defendant a new trial. Its order is affirmed.

The defendant in error briefs a number of other questions which it contends involve reversible error and would also justify the setting aside of the verdict. Among these is the contention that Doss knew when constructing his building that the grade of Holroyd Avenue would be raised when it was improved to conform to the grade of First and Second Streets between which that block lay. It therefore contended that the plaintiff below would be entitled to recover only damage done to his lot and not to his building, citing *Blair* v. *City of Charleston,* 43 W. Va. 62, 26 S. E. 341; *Ray* v. *City of Huntington,* 81 W. Va. 607, 95 S. E. 23, and *Jones* v. *City of Clarksburg,* 84 W. Va. 257, 99 S. E. 484. We are of the opinion that under the cited cases if Holroyd Avenue at the time of the construction of the Doss building was in fact to be considered as a street or an alley the defendant below would have been entitled to an instruction stating the principle decided in the cited cases, in spite of the fact that Doss testified without contradiction that he applied to the city engineer for instructions concerning the building level and was

told that there was no established grade. We cannot, however, hold as a matter of law that the situation existing at the time Doss built put him upon notice that the grade of the street or alley in question would be raised.

We do not believe that it was reversible error for the trial court to approve plaintiff's Instruction No. 1. Its primary purpose was to tell the jury that the plaintiff had a right to build according to the natural grade of Holroyd Avenue and that if the city after permitting him to do so changed that grade to his detriment it should return a verdict for the plaintiff. In a strict sense this is not a binding instruction because it does not tell the jury the method by which to assess damages or how to arrive at the amount of the verdict to be returned. It is to be supposed that other instructions guided the jury in that way.

We do not think that it was prejudicial error for the trial court to refuse the giving of defendant's instruction No. 6. In effect it told the jury that the defendant in arriving at damages was entitled to receive credit for any increase in value to the Doss property caused by the improvement, particularly emphasizing special benefits. The instruction, however, deals with four different aspects of the testimony and is not a statement of principle. That fact, coupled with its length and the fact that in principle its substance was provided by other instructions, justified its refusal.

The defendant below contends that it was error for the trial court not to permit it to prove the assessed value of the plaintiff's property. The statute making this relevant proof on the question of value has been repealed. For that reason it was not error to decline its admission.

For the reasons stated the order of the Circuit Court of Wyoming County setting the verdict aside and awarding the defendant a new trial is affirmed.

*Affirmed.*