Rzasa, Appellant, v. P. S. C. of Pennsylvania.

318

Argued May 1, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*J. R. Sheppard,* for appellant.

*John Fox Weiss,* Counsel and with him *E. Everett Mather, Jr.,* Assistant Counsel, and *Daniel H. Kunkel,* Legal Assistant, for appellee.

OPINION BY GAWTHROP, J., July 8, 1931:

Wicenty Rzasa is the owner of land situated at the northeast corner of Elizabeth Avenue and Lenora Avenue in the village of Groveton, Allegheny County. The land has a frontage of 175 feet on Elizabeth Avenue and a depth of 100 feet on Lenora Avenue. There is built on the land one eight-family frame apartment house, one one-story storeroom, one two-family frame dwelling, one two-car concrete block garage, and two frame shacks. Lenora Avenue is a public highway extending southwardly approximately 1,000 feet to the boundary line of the village. At this point it became, at the time of the act which is the the basis of this proceeding, a township road known as Ivanhoe Road and continued southwardly, crossing at grade four tracks of the Montour Railroad Company and intersecting State Highway Route No. 76 near the Borough of Coraopolis. This avenue and road were used by the inhabitants of Groveton when they desired to travel to Coraopolis or to Pittsburgh. The Rzasa property is located about 1,000 feet north of the railroad crossing, and State Highway Route No. 76 is about 1,000 feet south of the railroad crossing. By an order of the Public Service Commission in the complaint of Robinson v. Montour Railroad Co., 9 Pa. P. S. C. 528, this railroad crossing and the crossing of State Highway Route No. 76 at grade over the railroad about 900 feet to the east were abolished,

and the portion of Ivanhoe Road between the village
of Groveton and State Highway Route No. 76 was
vacated and a new undergrade crossing of the State
Highway was provided. A substitute road was con-
structed which extends eastwardly from Groveton and
then bears southwardly and intersects the State High-
way at a point about 1,800 feet east of the junction
of the point where the State Highway crossed the
Ivanhoe Road. Elizabeth Avenue has been improved
as a part of this substitute road. The inhabitants
of Groveton must now use the substitute road when
they travel east to Pittsburgh or west to Coraopolis.
The distance to Pittsburgh over the new route is less
than the distance by the old Ivanhoe Road, but the
distance to points west of Groveton on the State High-
way is increased about a half mile. There is no rail-
road grade crossing on the substitute road. Claim-
ing that the abolition of the grade crossing on Ivan-
hoe Road and the vacation of the portion of that road
resulted in depreciating the value of his property,
Rzasa presented a claim for damages before the Pub-
lic Service Commission and, being denied any compen-
sation, appeals to this court.

The commission found that prior to the abolition of
the grade crossing and the vacation of the part of
Ivanhoe Road claimant had access from his land to
the State Highway by means of Lenora Avenue; that
this avenue intersects at right angles an unnamed
alley, Laurel Avenue (which runs east and west) and
another unnamed street; that he is not deprived of
access to the system of streets within the village, thus
giving the property the same general access it always
had. As these findings are supported by evidence in
the record, we must accept them in passing upon the
question, whether claimant sustained any damages
which are compensable under the law.

The claim made in behalf of appellant is for an

unlawful interference with access to his land; that the elimination of the grade crossing and the vacation of Ivanhoe Road result in making Lenora Avenue a blind street and deprive him of access to the south; and that his property has been put into a cul-de-sac for which he is entitled to damages. But, under the findings of fact, there is no cul-de-sac. All the streets in the village of Groveton which lead into appellant's property are open as heretofore and so are all connecting streets. There was no physical change in any street in the village. The road vacation upon which the claim is based was of a township road. It has in no way cut off appellant's access to the other streets in the village or to the points formerly reached by Ivanhoe Road. Prior to the improvement he had one means of access to the State Highway. He still has one, which is a little longer but much safer. It follows that appellant's claim for damages is based upon the fact that he must travel an additional distance of approximately a half mile to reach points along the State Highway west of the vacated road. Such an inconvenience was made the basis of the claim in Spang & Co. v. Com., 281 Pa. 414, and the refusal of the commission to make an award on such a ground was sustained by the Supreme Court. In speaking for that tribunal, Mr. Justice KEPHART said: "Every slight inconvenience cannot be compensated in damages. The inconvenience here suffered was the same in kind and no greater in degree than could be claimed by all persons in that vicinity having occasion to use the street...... The underlying principle is that damages will not be allowed where the effect of the disturbance to the highway is merely to cause the owner to travel a short distance farther in order to reach the system of streets in that direction." In Hedrick v. Harrisburg, 278 Pa. 274, 279, the Supreme Court said that there could be no recovery if "there

was an intersecting street between the property and the street vacated, and the effect of the vacation was not to cut off access to the general system of streets from any direction, but only made it necessary to travel a short distance farther to reach them." See also Holmes v. P. S. C., 79 Pa. Superior Ct. 381; Edgemont Street, 66 Pa. Superior Ct. 142; Ruscomb Street, 30 Pa. Superior Ct. 476, and 33 Pa. Superior Ct. 148. The following language of President Judge Rice in Ruscomb Street is applicable here: "The inconvenience suffered by the property owner in such a case as we are considering is the same in kind, though perhaps different in degree, as that of all the people of the vicinity having occasion to use the street in the direction of the part vacated, and therefore is not an injury in a legal sense for which he is entitled to compensation." We pointed out in an opinion by our Brother Keller, in Holmes v. Public Service Commission, supra, that the provisions of the Public Service Company Law of 1913, P. L. 1374, and its amendment of July 17, 1917, P. L. 1025, did not create any extension or enlargement of the rights of adjacent owners entitling them to damages to which they were not previously entitled and that while the act shows that the legislature recognized that adjacent property might be injured by the abolition of a grade crossing and made provision accordingly, "just as before, the injury must be proximate, immediate and substantial in order to permit a recovery."

Our conclusion is that the order of the commission dismissing the complaint on the ground that appellant has suffered no compensable injury was right.

The assignments of error are overruled and the appeal is dismissed.