LEWIS RICHMOND *v.* THE CITY OF HINTON *et al.*

(CC 550)

Submitted February 26, 1936. Decided March 17, 1936.

224

*Martin & Martin* and *Wm. H. Sawyers,* for plaintiff.
*Paul J. Carr,* for defendant city of Hinton.
*Fitzpatrick, Brown & Davis, W. A. Brown* and *C. W. Strickling,* for defendant Chesapeake & Ohio Ry. Co.

MAXWELL, JUDGE:

On this certification attention is directed to the declaration in an action for damages by Lewis Richmond, plaintiff, against the city of Hinton, a municipal corporation, and the Chesapeake & Ohio Railway Company, a corporation, defendants, instituted in the circuit court of Summers County. The court overruled the defendants' demurrer to the declaration.

Plaintiff's suit is for $15,000.00 alleged to be the amount of damage to his property situated on Main Street in said city, resulting from the defendants' interference with access thereto. Formerly, this street crossed the railroad tracks of defendant railway company, at grade, a short distance from plaintiff's property, but more recently, it is alleged, the defendants caused the street to be closed with permanent barriers on each side of the railroad tracks, thus eliminating the crossing and leaving the plaintiff's property in a cul-de-sac instead of on a street open in each direction as theretofore. He alleges that the rental value of his property has been seriously diminished and that thereby he has been damaged. The facts alleged disclose that he has not been

inconvenienced differently from other property owners similarly situated.

The original constitution of West Virginia protected the owners of private property against any *taking* thereof for public use without just compensation. Constitution of 1863, article 2, section 6; Code, 1868, page 21. Such was the provision of the Virginia constitution at the time of the formation of the new state. Code of Virginia, 1860, page 45. In each state, the said guaranty has been enlarged. Private property may not now be *taken* or *damaged* for public use without just compensation. Constitution of Virginia, section 58; Constitution of West Virginia, article 3, section 9.

What damages are within the constitutional purview? Of course, if, by public authority, something has been done to that portion of a street or highway to which an abutting property is immediately adjacent, whereby the property is deleteriously affected, there is a damage which must be recompensed, as for example, where there is a change of an established grade of a street or highway. *Jones* v. *City of Clarksburg,* 84 W. Va. 257, 99 S. E. 484. But what is the rule if the change of grade or the permanent blocking or abandonment of a street takes place at a distance from a complainant's property? Where his only means of ingress and egress is thereby destroyed, he must be compensated. If, however, his property is accessible through other public ways, is he entitled to be compensated because his property has become less advantageously accessible as a result of the change?

Courts of last resort of a number of the states have taken the view that where a landowner's convenience of access is interrupted by the blocking of a street, as in the case at bar, the municipality or other public agency causing such interference is liable in damages. *Dwornik* v. *State,* 155 Misc. 458, 280 N. Y. S. 188; *Hiatt* v. *City of Greensboro,* 201 N. C. 515, 160 S. E. 748; *City of Texarkana* v. *Lawson,* (Tex. Civ. App.) 168 S. W. 867; *City of Chicago* v. *Burcky,* 158 Ill. 103, 42 N. E. 178, 29

L. R. A. 568, 49 Am. St. Rep. 142; *Vanderburgh* v. *City of Minneapolis,* 98 Minn. 329, 108 N. W. 480, 6 L. R. A. (N. S.) 741.

On the other hand, there are many cases which hold that in circumstances such as are herein presented, the inconvenience suffered by the property owner is not a damage within the contemplation of the law; that a property owner is not entitled to damages for inconvenience shared with the general public and differing in degree only, if the street was closed at a place where his property does not abut. The following cases sustain this view: *City of Lynchburg* v. *Peters,* 156 Va. 40, 157 S. E. 769; *Cooke* v. *City of Portland,* 136 Ore. 233, 298 Pac. 900; *Rzasa* v. *Public Service Commission,* 102 Pa. Super. 317, 156 Atl. 714; *Wilmar* v. *Camden County,* 107 N. J. Law 230, 155 Atl. 26; *N. Y. C. & St. L. R. Co.* v. *Bucsi,* 128 Ohio St. 134, 190 N. E. 562, 93 A. L. R. 632. Consult: 13 Ruling Case Law, pp. 71-74; 2 Nichols on Eminent Domain (2d Ed.) pp. 886-889.

We are impressed that the better reason supports the holdings which deny recovery in such circumstances. The just compensation, guaranteed by the Constitution, must be confined within bounds. There must be a reasonable limit beyond which the guaranty is not applicable. Conceding that there is difficulty in determining just where the bounds should be laid down, it is evident that the difficulty is accentuated if remote and indirect damages are to be allowed. Where would the line be drawn? Conceivably a mercantile business would have fewer patrons, and an apartment house be rendered less desirable, and a dwelling less eligible because of the closing of a street two or three blocks away. A residence may be rendered less conveniently situated with respect to the metropolitan district of the city because a street is closed at a railroad crossing some distance away. Residential property may be rendered less desirable to some occupants thereof by there being located in the vicinity a school, a playground, or a municipal hospital. If damages could be recovered in such circumstances, crushing burdens would be imposed on the public treasury.

We are of opinion that property is damaged within the meaning of both the Constitution and the common law when the corpus or an appurtenant right is affected. In a situation such as at bar clearly the corpus remains intact. And the appurtenant right of access is not affected within the meaning of the guaranty against public encroachment so long as a convenient way of ingress' and egress remains. The Constitution does not undertake to guarantee to a property owner the public maintenance of the most convenient route to his door. The law will not permit him to be cut off from the public thoroughfares, but he must content himself with such route for outlet as the regularly constituted public authority may deem most compatible with the public welfare. When he acquires city property, he does so in tacit recognition of these principles. If, subsequent to his acquisition, the city authorities abandon a portion of the street to which his property is not immediately adjacent, he may suffer loss because of the inconvenience imposed, but the public treasury cannot be required to recompense him. Such case is *damnum absque injuria.*

For one to be entitled to damages because of the change in grade or abandonment of a section of a street, it must be made to appear that he suffered injury not common to others whose properties are similarly situated. Where his injury differs from that of other persons in degree only, and not in kind, he is not entitled to damages.

For the reasons stated, we reverse the judgment of the trial court, sustain the demurrer without prejudice to the plaintiff, and remand the case.

*Reversed and remanded.*