STATE *Ex Rel.* A. T. GORDON, *etc., et al.*

*v.*

FRANK A. MCMAHON, etc.

(No. 9796)

Submitted January 10, 1946. Decided February 19, 1946.

*J. Raymond Gordon,* for relators.

*W. F. Keefer,* for respondent.

KENNA, President:

Upon the petition of Anna Rutherford, Virgie Charlton, Charles Stewart, Ray Stewart, Harry S. Stewart, E. L. Stewart, Rome Stewart, Hassie Copen and Lizzie Deaver, hereafter referred to as the Rutherford claimants, this Court issued its rule in mandamus directed to Frank A. McMahon, Commissioner of Accounts of Ohio County, requiring him to report to the Probate Court of Ohio County concerning the distributees of the estate of Harry T. Winters, deceased, or to show cause why he should not so report, he having theretofore declined to

do so at the request of petitioners. Upon the return day of the rule Frank A. McMahon filed his answer alleging that the Rutherford claimants are not the heirs-at-law or distributees of Harry T. Winters and stating that he has fully reported the settlement of the Winters estate to the Probate Court of Ohio County, including his finding as to distributees; that the Probate Court had confirmed the report and the order of confirmation had been appealed to the Circuit Court of that county, the latter court having entered its final order on the 12th day of November, 1935. The return alleges that the Winters' estate has not been re-referred to McMahon as Commissioner of Accounts and that therefore the matter is now entirely out of his hands and there is nothing pending before him as such Commissioner that would permit a further report. To this answer the relators demurred, assigning as grounds that the proceeding in which McMahon made his report was entirely invalid in determining the distributees of the Winters estate and that neither the Probate Court nor the Circuit Court of Ohio County had jurisdiction to consider the report or to base findings upon its confirmation in whole or in part.

This proceeding was submitted upon petition, answer, and demurrer to the answer, so that this Court cannot consider as sustained the material averments of the petition denied by the answer and, unless the demurrer thereto is sustained, must consider all of the undenied allegations of the answer as being true.

Upon this state of the record the facts before us are as follows: Harry T. Winters, of Wheeling, died intestate in that city on the 18th day of January, 1933, leaving an estate valued at approximately $27,000 in personal property and $2,000 in real estate; the Rutherford claimants shortly thereafter filed their petition in the Probate Court of Ohio County alleging that they were first cousins of the deceased and his next of kin, and praying that letters of administration be granted appointing A. T. Gordon administrator; the Probate Court

refused the prayer of their petition and named Mutual Savings & Loan Company administrator, which order upon appeal to the Circuit Court was reversed and A. T. Gordon appointed; Gordon has since acted as such administrator and now has on hand personal property of the value of approximately $18,000. The petition alleges that the estate was referred to H. H. Pendleton, Commissioner of Accounts, before whom Gordon, administrator, filed his affidavit naming the Rutherford claimants as distributees. Upon Pendleton advertising that the estate had been referred to him as Commissioner, and fixing the time of hearing before him, D. J. Winters, Lou Weisenbach, Nell Radekin and Fay Wyckoff, hereafter referred to as the Winters claimants, filed their claim as distributees of the Harry T. Winters estate. After the taking of a great deal of testimony, during the course of which the Rutherford claimants objected to the hearing for the purpose of ascertaining the distributees on the theory that the Commissioner of Accounts lacked jurisdiction, Mr. Pendleton died and the Probate Court referred the estate to Frank A. McMahon to complete the hearings and report. Mr. McMahon's report, among other matters, found that the Rutherford claimants were not distributees and were not related to Harry T. Winters and further found that the Winters claimants were the distributees. This report was confirmed by the Probate Court and upon appeal the judgment of the Probate Court was reversed, the order of the Circuit Court indicating, according to the allegations of the petition, that the Rutherford claimants were not distributees but not so finding. The answer expressly alleges that the Circuit Court did decide that the Rutherford claimants were not distributees. In September, 1936, Fred L. Fox, State Tax Commissioner, instituted a proceeding in the Circuit Court of Roane County for the purpose of collecting an inheritance tax from the Rutherford claimants as the lawful distributees of the estate of Harry T. Winters and that court entered a consent judgment against them for that purpose.

In that proceeding Gordon, Administrator, filed an interpleader affidavit stating that the Winters claimants were nonresidents of the State of West Virginia and that they also claimed to be distributees of the Winters estate and that the State of West Virginia claimed that the Winters estate had escheated to it and that United States Fidelity & Guaranty Company as surety on Gordon's bond was exercising joint control of the funds in his hands. The court thereupon ordered that the Attorney General be summoned to appear on behalf of the State and that the United States Fidelity & Guaranty Company be made a party and that an order of publication issue against the nonresident defendants. There was no appearance on behalf of the Winters claimants.

The petition takes the position that the proceedings before Pendleton and McMahon, Commissioners of Accounts, so far as the determination of the distributees of the Harry T. Winters estate is concerned, are entirely void for lack of jurisdiction and that the proceeding in the Circuit Court of Roane County determined the distributees and now stands *res judicata* in favor of the Rutherford claimants, although it will be noted that the proceeding in Roane County was brought, heard and determined in the year 1936 after the proceeding in Ohio County to settle the Winters estate had been concluded. The petition further alleges that the Attorney General appeared in July, 1937, and moved the Circuit Court of Roane County to alter its judgment by eliminating that part which attempted to determine the actual distributees and permit the judgment to stand against Gordon, Administrator. This the court refused to do.

The answer of respondent, Frank A. McMahon, Commissioner of Accounts, after alleging the death of Henry H. Pendleton and the reference that followed, alleges that the Rutherford claimants formally appeared before the Commissioner of Accounts by their attorney and asserted their claim as distributees, which was done as well by the Winters claimants and a third set of claimants with whom we are not now concerned headed by a

474

person named Roy Winters; that the respondent completed the taking of testimony and made a full report of assets and liabilities as well as of all claims against the estate of Harry T. Winters filed before him, including the claims of the three sets of distributees, and that as a part of that report he specifically found the Rutherford claimants are not the heirs-at-law of the decedent, Harry T. Winters, which report was confirmed by the Ohio County Probate Court and upon appeal to the Circuit Court the order of the Probate Court confirming the report of the Commissioner of Accounts was affirmed to the extent that it found that the Rutherford claimants were not the lawful distributees of the Winters estate, the answer filing as exhibits the order and written opinion of the Circuit Court of Ohio County, the order expressly making the opinion a part of the record and embracing its terms to the extent necessary to clarify the meaning of the order and expressly dismissing the Rutherford claimants' petition as distributees for lack of merit. They declared their purpose to appeal to this Court and obtained a stay of sixty days for that purpose. The intended appeal was abandoned and the answer alleges that the Circuit Court's order has now become final and constitutes an adjudication of the fact that the Rutherford claimants are not lawful distributees of the estate of Harry T. Winters. The answer further alleges that the Rutherford claimants by their attorney instituted a proceeding in the Circuit Court of Roane County for the purpose of requiring Gordon, Administrator, to distribute the assets of the Harry T. Winters estate, recognizing them as distributees thereof, and that the Circuit Court of Roane County entered a decree to that effect which, upon the application of the surety upon the administrator's bond acting as co-administrator, this Court reversed, holding that the Circuit Court of Ohio County where the administrator was appointed and qualified was the proper court. The answer concludes with the allegation that Harry T. Winters died without known heirs and distributees and that it now becomes the duty of A. T. Gordon, Administrator, to pay into

the Treasury of the State of West Virginia the funds in his hands which are escheated to the State, and further alleges that McMahon, Commissioner of Accounts, has made a full and complete report and now has nothing pending before him concerning the estate of Harry T. Winters, deceased, and lacks jurisdiction for the purpose of making a further report until and unless the matter is re-referred to him by the Probate Court of Ohio County for that purpose. The answer filed a photostatic copy of a well considered, precise and exhaustive report to the Probate Court, in both detail and principle, of the affairs of the Winters estate.

This Court is of the opinion that upon the showing made by the answer of Frank A. McMahon, Commissioner of Accounts, upon the filing of the petition herein there was nothing before him that required further official action on his part, either administrative or otherwise, concerning the estate of Harry T. Winters, and that therefore the peremptory writ of mandamus must be refused without reaching as matters for decision the questions involving the determination of the distributees of the Harry T. Winters estate.

For the foregoing reasons the demurrer of the relator to the return is overruled and the peremptory writ of mandamus refused.

*Writ refused.*