WALLACE, JUDGE:
Claimants seek damages of $240,000.00 from the respondent by reason of changes in the traffic pattern on West Virginia Route 14 in Parkersburg, West Virginia. Claimants operated a carry-out business known as The Southwood Carryout on Twenty-first Avenue in Parkersburg. The business consisted of the sale of beer, nonalcoholic beverages, and snack-type food items. Twenty-first Avenue intersects the west side of West Virginia Route 14.
In April of 1978, the respondent undertook a change in the traffic pattern of Route 14. A median strip separating the north and south lanes was constructed and traffic-control de *178 vices were installed. The work was completed in June of 1979. The claimants contend that the changes made by the respondent limited the access to Twenty-first Avenue from Route 14, destroying their business.
The respondent filed its Motion to Dismiss the claim on the basis that the claimants failed to state a cause of action upon which relief could be granted, because the jurisdiction of this Court does not extend to any claim in which a proceeding may be maintained against the State in the regular courts of the State, namely, a condemnation suit. At the pretrial conference held in this matter, the parties were asked to submit memoranda to substantiate their respective positions.
The claimants’ business was not located on West Virginia Route 14 where the construction took place, but on Twenty-first Avenue, and there is no basis for a proceeding in eminent domain. The Court is of the opinion, however, that the claim presented does not establish a cause of action against the respondent. Chapter 17, Article 2A, Section 12 of the West Virginia Code gives the West Virginia Commissioner of Highways the right and the duty, in the interest of safety and convenience and control of vehicular traffic, to establish regulations relating to and controlling the location, construction, and maintenance of traffic control factors. The Commissioner may not unduly interfere with any abutting property owner’s entrance or access rights to a highway. In this claim, the claimants’ business did not abut on West Virginia Route 14 on which the traffic pattern was changed. A non-abutting property owner is not entitled to damages for impairment of access if reasonable and adequate access is provided in another direction or by other means. Heavner et al. v. State Road Commission, 118 W.Va. 630, 191 S.E. 574 (1937); State ex rel. Wiley v. State Road Commission, 148 W.Va. 76, 133 S.E.2d 113 (1963).
Accordingly, respondent’s Motion to Dismiss is hereby sustained.
Claim dismissed.