*State ex rel.* EMMA QUICK *et al.*

*v.*

ERNEST L. BAILEY, *State Road Commissioner*

(No. 9711)

Submitted September 5, 1945. Decided November 6, 1945.

*K. C. Moore* and *Robert Evans Stealey*, for petitioners.
*Ira J. Partlow*, Attorney General, and *Ralph M. Hiner*, Assistant Attorney General, for respondent.

KENNA, JUDGE:

This proceeding in mandamus against the State Road Commissioner was brought by the State at the relation of Emma Quick and Mildred Miller, who are vested, respectively, with the life estate and remainder in fee to 42-½ acres of land in Tucker District, Wirt County, situate on the left-hand fork of Tucker's Creek, where State Route 14 crosses. The purpose was to require the State Road Commissioner to bring a condemnation proceeding in order to ascertain what, if any, damage had resulted to the residue of the relators' land due to the reconstruction of Route 14 through the tract in question and over Tucker's Creek, the petition alleging that the

grade of the highway had been raised between eight and ten feet by reason of a fill of that height, the base of which was level with the road grade before the fill was built and the bank of Tucker's Creek. The petition alleges that an opening seventeen and one-half feet wide was left in the fill to permit the passage of the waters of Tucker's Creek and that the opening was plainly insufficient under weather conditions reasonably to be expected, and that this fact is shown by an additional opening through the fill for the passage of water built at an elevation of several feet above the level of the ground. After going into some detail concerning time and circumstance, the petition alleges that the fill has caused the land of relators to flood, damaging their garden, personalj property and dwelling to the extent of $1500.00, claim for which they filed before the Court of Claims, which refused to consider it due to a special plea filed on behalf of the State alleging that any damage resulting from highway construction would be recoverable in a mandamus proceeding against the State Road Commissioner under the authority of *Hardy* v. *Simpson*, 118 W. Va. 440, 190 S. E. 680, 191 S. E. 47; *Riggs* v. *State Road Commissioner*, 120 W. Va. 298, 197 S. E. 813; and *Cottle* v. *State Road Commissioner*, Claim No. 35, Report of State Court of Claims, Volume 1, page 4, and that therefore the Court of Claims lacked jurisdiction.

The State Road Commissioner filed a return to the rule resisting the issuance of the peremptory writ, alleging, among other things, that on June 1, 1940, when Emma Quick, one of the relators herein, then owner in fee of the tract of 42-½ acres here involved, executed a deed to the State of West Virginia for a strip of land forty feet wide "extending through said property upon present location", together with "the easement right for the necessary width in the construction and maintenance of slopes in cuts and fills, all necessary drainage, the necessary channel changes through the property of the party of the first part, * * *", which deed contains the following provision releasing the State of West Virginia

from all resultant damages to the residue of the property now owned by the relators: "The said party of the first part, in consideration of the benefits received and to be received by reason of the construction or improvement of said road, hereby waives all claim for damage to the residue of —————————— property growing out of such construction or improvement". The deed in question is made a part of the relators' petition as "Exhibit 1". The respondent further urges, in effect, that the claimed damage was not the direct result of the road improvement, but was an occasional consequence of precipitations that would have flooded the relators' land to the same extent before the construction of the fill in question.

We do not believe that the relators' petition shows a clear legal right to the peremptory writ under this Court's holding in *Riggs* v. *Commissioner*, 120 W. Va. 298, 197 S. E. 813, because we believe that it does not clearly appear what damages Mrs. Quick intended to waive and what claim, if any, she intended to retain by the provision contained in her deed. Certainly it was foreseen that the residue of her land would suffer some damage. Therefore, we believe that the most favorable view that can now be taken toward her contention is that that provision is ambiguous, and will permit the introduction of evidence of the surroundings and circumstances of the parties at the time of the execution and delivery of the deed that might throw light upon whether their intention was to release only damages that might result from the building of the road at the old grade level or included damages that might result from the road as actually constructed. Consequently, in our opinion a clear showing of "probable damage" in the sense that expression is used in the *Riggs* case has not been made, it being quite clear that damages released are not recoverable in any court, hence mandamus does not lie to bring the State into court therefor.

We are further of the opinion that the petition and return show that there is a sharp controversy over the

question of whether the alleged high water over the relators' land was actually caused by the fill complained of or would have occurred to the same extent if the road had been left in the condition that immediately antedated the fill.

It will be seen from the foregoing that there are two issues of fact both of which would have to be decided in favor of the relators in a condemnation proceeding before a recovery therein could be had by them, both of which, in substance, go to the question of probable damage.

Since mandamus requires a clear legal right to the relief sought we do not believe that the relators have shown themselves entitled to the peremptory writ. See the discussion in *Hardy* v. *Simpson,* 118 W. Va. 440, 190 S. E. 680, 191 S. E. 47.

The Court of Claims dismissed the relators' claim because, in its opinion, it is a matter as to which "* * * a proceeding may be maintained by or on behalf of the claimant in the courts of the states" and therefore under Code, 14-2-14, not within its jurisdiction. Undoubtedly, at that time the Court of Claims acted wisely, but since we now hold that mandamus does not lie, that barrier to its entertaining the claim is removed.

The peremptory writ of mandamus is refused.

*Writ refused.*