STATE *ex rel.* WARREN FRENCH AND BETTY SUE FRENCH, HIS WIFE; VIRGIL FRENCH AND RUTH FRENCH, HIS WIFE; AND WARREN FRENCH, VIRGIL FRENCH AND W. C. COMBS D/B/A FRENCH AND COMBS

*v.*

STATE ROAD COMMISSION OF WEST VIRGINIA, *a Corporation,* AND BURL A. SAWYERS, STATE ROAD COMMISSIONER OF WEST VIRGINIA

(No. 12198)

STATE *ex rel.* IDA MAE FRENCH (WIDOW OF D. W. FRENCH); ESTELLE (FRENCH) ELKINS AND EUGENE ELKINS, HER HUSBAND; BETTY JEAN FRENCH, SINGLE; WARREN FRENCH AND BETTY SUE FRENCH, HIS WIFE; VIRGIL FRENCH AND RUTH FRENCH, HIS WIFE; AND MOSE PITZER D/B/A PITZER *MACHINE* SHOP *(Tenant)*

*v.*

STATE ROAD COMMISSION OF WEST VIRGINIA, *a Corporation,* AND BURL A. SAWYERS, STATE ROAD COMMISSIONER OF WEST VIRGINIA

(No. 12199)

STATE *ex rel.* WARREN FRENCH AND BETTY SUE FRENCH, HIS WIFE

*v.*

STATE ROAD COMMISSIÓN OF WEST VIRGINIA, *a Corporation,* AND BURL A. SAWYERS, STATE ROAD COMMISSIONER OF WEST VIRGINIA

(No. 12200)

Submitted February 5, 1963.    Decided February 26, 1963.

620

*David D. Ashworth, Leo Bridi,* for relators.

*L. Eugene Dickinson,* for respondents.

CALHOUN, JUDGE:

These three proceedings in mandamus, involving similar factual situations and similar legal principles, have been briefed and argued together and will be considered in a single opinion. In the mandamus proceedings the relators allege that their real estate has been damaged by the state road commission in connection with a project for the widening and improvement of a specified state highway in Raleigh County, which project was completed about March, 1962; and the relators therefore pray that the respondents be required by mandamus to institute eminent domain proceedings for the purpose of having a judicial determination of damages alleged to have been suffered by the relators.

The respondents by answer deny substantially all the allegations of damage and also insist that, if damages have resulted to real estate belonging to the relators, they are not of such a nature as to impose liability on the state road commission in an eminent domain proceeding.

Article III, Section 9 of the Constitution of this state provides that private property "shall not be taken or damaged for public use, without just compensation; * * *." Article VI, Section 35 of the Constitution provides that "The State of West Virginia shall never be made defendant in any court of law or equity, * * *." In the light of these two constitutional provisions, this Court has held that the state road commission, an agency of the state, may be required by mandamus to institute proceedings in eminent domain to ascertain just compensation for land taken or damaged for public purposes, including state highway purposes. *Hardy*

v. *Simpson, State Road Com'r,* 118 W. Va. 440, 190 S. E. 680. In the second point of the syllabus of that case the Court held: "Where the construction or improvement of a state highway results in damage to private property, short of the actual taking thereof, it is the duty of the State Road Commission, under Code, 54-2-14, and within a reasonable time after the completion of the work out of which such damage arises, to institute proceedings to ascertain the damage to which the owner of such property may be entitled." The same legal principles have been adhered to and applied by this Court in many subsequent cases, the most recent one being *State ex rel. Murray* v. *Graney, State Road Com'r,* 143 W. Va. 643, 103 S. E. 2d 888. See also *State ex rel. Ashworth et al.* v. *State Road Comm.,* 147 W. Va. 430, 128 S. E. 2d 471.

"A writ of mandamus will be issued only upon a showing that relator has a clear legal right to the relief sought." *State ex rel. Neal* v. *Barron,* 146 W. Va. 602, pt. 3 syl., 120 S. E. 2d 702. The same legal principle applies in cases such as the present one. *State ex rel. Quick* v. *Bailey, State Road Com'r,* 128 W. Va. 123, 35 S. E. 2d 735; *State ex rel. Dunn* v. *Griffith, State Road Com'r,* 139 W. Va. 894, 82 S. E. 2d 300. While this legal requirement of a showing of "a clear legal right" is fundamental, it is obviously true also that mandamus cannot be substituted for eminent domain; and it would not be appropriate or legally permissible for the Court to undertake in these proceedings in mandamus to consider and adjudicate the questions which may arise upon proper pleadings and proof in subsequent proceedings in eminent domain. In *Riggs* v. *State Road Com'r,* 120 W. Va. 298, 197 S. E. 813, the Court held that where in a situation such as this there is a showing of probable damage to private property, there being no actual taking thereof, and the owners in good faith claim damages, the state road commissioner may be required by mandamus to ascertain the damages, if any, sustained by the landowner. In the body of the opinion the Court stated:

"Although there is a sharp conflict between the parties in both allegation and proof respecting the

alleged damage, we are of opinion that the showing made by relators is sufficient to entitle them to have the controversy determined in a proceeding usual for such matters. Always, in some manner, there must be opportunity afforded property owners for judicial determination of their *bona fide* claims of damages to their property on account of public improvements. Any other conclusion would not be consonant with fundamental principles. Consult: *Simms* v. *Dillon,* 119 W. Va. 284, 193 S. E. 331, 113 A.L.R. 787. In this connection, however, the principle must not be overlooked that owners of property abutting a thoroughfare are not entitled to damages merely because a new way has been constructed on another location, thus leaving the complaining owner's property less advantageously situated than previously. *Dick* v. *Hinton,* 109 W. Va. 708, 156 S. E. 81; *Richmond* v. *Hinton,* 117 W. Va. 223, 185 S. E. 411; *Heavner* v. *State Road Commission,* 118 W. Va. 630, 191 S. E. 574."

To the same effect see also *Quick* v. *Bailey, State Road Com'r,* 128 W. Va. 123, 35 S. E. 2d 735; *State ex rel. Griggs* v. *Graney, State Road Com'r,* 143 W. Va. 610, syl., 103 S. E. 2d 878.

The effect of the pertinent prior decisions of this Court is that, in a mandamus proceeding a landowner shows that a highway construction or improvement has resulted in probable damage to his private property without an actual taking thereof and that the landowner in good faith claims compensation therefor, he has thereby established a clear legal right, under the Constitution and statutes of this state and the decisions of this Court, to require the state road commissioner to institute proper proceedings in eminent domain to ascertain the compensation, if any, to which the landowner is entitled.

For reasons stated herein the writ of mandamus as prayed for will be awarded. Code, 17-4-5, authorizes either the state road commissioner or the state road commission to acquire real estate by eminent domain for state highway purposes. *State ex rel. State Road Commission et al.* v. *Professional Realty Co.,* 144 W. Va. 652, pt. 1 syl., 110 S. E. 2d 616. In accordance with that which appears to have been the

usual practice heretofore in similar cases before this Court, the writ will be awarded against the state road commissioner only.

The action of the Court herein must not be construed as in any sense a holding by the Court or an expression of a view that the relators are entitled to prevail in subsequent eminent domain proceedings or that the defenses which the respondents have undertaken to assert herein will or will not be tenable in such proceedings. In *State ex rel. Griggs* v. *Graney, State Road Com'r*, 143 W. Va. 610, 617, 103 S. E. 878, 883, the Court stated: "* * * and although the damage may be such as is not that for which the State may be liable, the petitioners, having in good faith shown such probability, are entitled to a full judicial hearing and a determination of the question, * * *." In line with its prior decisions, the Court is merely affording to the relators a proper legal remedy for the assertion and adjudication of their claims.

*Writners awarded.*