STATE *ex rel.* RUBY SMELTZER

*v.*

BURL A. SAWYERS, STATE ROAD COMMR. OF W. VA.

(No. 12433)

Submitted June 8, 1965.     Decided June 29, 1965.

*Quinlan, Nelson & Williamson, H. G. Williamson,* for relator.

*Anthony G. Halkias,* for respondent.

BROWNING, PRESIDENT:

In this original proceeding in this Court, petitioner, Ruby Smeltzer, alleging damage to her property as a result of the

construction of I-64 in Wayne County, West Virginia, prays for a writ of mandamus commanding the defendant to institute condemnation proceedings against her to ascertain just compensation for such alleged damages. Defendant answered, denying that any damage to petitioner has resulted from the construction of such highway and alleging that the proximate cause of petitioner's damage, if any, is petitioner's failure to properly maintain a drainpipe belonging to her which formerly carried the natural drainage through and under her property. Defendant further asserts that the damage in question sounds in negligence, which claim is not remediable in a condemnation proceeding and also, since the highway has not been completed, the instant proceeding is premature. Petitioner replied to defendant's answer, controverting the allegations thereof, and depositions were taken upon the issues of fact thus raised.

Mrs. Smeltzer testified, in substance, that: prior to the construction of the highway the drain belonging to her was adequate to dispose of the natural drainage; since construction, rubble and rocks have washed down from the highway stopping up her drain and an ordinary rain now carries rubble, rocks and water onto her property, depositing the debris on the surface, and causing cracks and water in her basement. For the defendant, Curtis Cyrus, Maintenance Superintendent of Wayne County for the State Road Commission, testified that in his opinion the cause of the debris on petitioner's property was the stopping up of her drainpipe. J. Harry Clark, right of way agent for defendant, stated that: petitioner's drainpipe is not functioning; her property lies in the middle of a natural drainage course; and, if petitioner's drainpipe were unclogged she would have no problem. On cross-examination, Mr. Clark admitted that the rubble, rocks and debris deposited on petitioner's property came from the highway. Donald A. Rude, an engineering supervisor of the design of interstate highways for the defendant, testified that: petitioner's property lies in a natural drainage course; a culvert has been installed under the highway to carry water into this natural drainage course; slightly more water has been channeled onto petitioner's property as a result of this culvert, but in

the witness's opinion this increase is insignificant; some material from the fill for the highway has washed onto petitioner's property, but the project, particularly the seeding of the fill, has not been completed; such material can be removed without complications; and, the contractor constructing the highway is maintaining a waste pile on the opposite side of the highway from petitioner's property which, in the event of rain, will wash down through the culvert and onto her property. On cross-examination, the witness admitted, in substance, that water which formerly flowed down the hillsides is being collected and deposited in the natural drainage course through petitioner's property, although denying that the effect of any water thus collected would be substantial. Contour maps submitted as exhibits show petitioner's property to be situated in a natural drainage course.

Article III, Section 9 of the constitution of this state provides that private property "shall not be taken or damaged for public use, without just compensation; . . . ." However, Article VI, Section 35 of the constitution provides that "The State of West Virginia shall never be made defendant in any court of law or equity, . . . ." These constitutional provisions appear to be irreconcilable, but this Court has held that, if the state road commissioner abuses his discretion in failing to institute an action of eminent domain against a property owner who alleges that his property has been taken or damaged as a result of the construction of a public highway, such commissioner will by this Court be directed in a mandamus proceeding to institute such action to determine whether property has been taken or damaged and, if so, the amount of damage the property owner has suffered. *Hardy v. Simpson*, 118 W. Va. 440, 190 S. E. 680, 191 S. E. 47. The petitioner in this proceeding does not contend that any of her property was taken but alleges that as a result of the construction of an interstate highway near her property it was damaged. The only expert evidence before this Court, by engineers and other employees of respondent, raises some doubt in the minds of the members of this Court as to whether the damage alleged in the petition and testified to by petitioner in her deposition is caused by the construction of the highway.

This Court has held in a proceeding in mandamus against the road commissioner that the same legal principle applies as in other cases, that is, a writ of mandamus will not be issued except upon the showing by the petitioner that he has a clear legal right to the relief sought. *State ex rel. Dunn, et al.* v. *Griffith,* 139 W. Va. 894, 82 S. E. 2d 300. But in this regard, it is stated in *French* v. *State Road Comm.,* 147 W. Va. 619, 129 S. E. 2d 831, that: "While this legal requirement of a showing of 'a clear legal right' is fundamental, it is obviously true also that mandamus cannot be substituted for eminent domain; and it would not be appropriate or legally permissible for the Court to undertake in these proceedings in mandamus to consider and adjudicate the questions which may arise upon proper pleadings and proof in subsequent proceedings in eminent domain." In *Riggs* v. *State Road Com'r.,* 120 W. Va. 298, 197 S. E. 813, the Court held it to be sufficient to warrant the issuance of the writ if there was a showing of probable damage to a petitioner's property. To the same effect is: *State ex rel. Griggs* v. *Graney,* 143 W. Va. 610, 103 S. E. 2d 878.

The clear legal right which a petitioner must show in such cases is not that he has been damaged or what the amount of the damages is, but that there is reasonable cause to believe that these questions should be resolved by a judge and a jury of freeholders in the county in which the property is located. It will be recalled that one of the witnesses for respondent stated that more water had been channeled upon petitioner's property as a result of the building of the highway though such increase was termed "insignificant". Two of respondent's witnesses also admitted that some of the debris deposited upon petitioner's property came from the highway but this was similarly considered to be of little consequence. Thus, there is a sufficient showing of probable damage to petitioner's property to warrant the issuance of the writ.

Therefore, the writ will issue so that petitioner may have her day in court, but it will be incumbent upon her to prove by a preponderance of the evidence, beyond mere speculation or conjecture, that her property has been damaged and

that the proximate cause of such damage was the construction of the highway. See, *Queen* v. *Sawyers*, 148 W. Va. 130, 133 S. E. 2d 257.

*Writ awarded.*