Jones, Judge:
Except for the amount of damages sought, the facts surrounding the above styled claims are the same, and, therefore, these claims were consolidated for hearing and decision. In both cases, the claimants seek damages to their adjoining residence properties allegedly caused by the negligent installation and maintenance of a drain under Interstate Route No. 64 adjacent to the claimants’ properties near the City of Nitro, in Putnam County, resulting in the collection of large quantities of water and the diversion of same upon and over said properties. It is alleged that damages have continued intermittently from early 1965 to the present time.
When the claims came on for hearing, the respondent’s counsel moved for the dismissal of the Johnson claim (No. C-3) on the ground of res adjudicata, contending that the issues in this claim were litigated and resolved in a condemnation proceeding. This motion is of doubtful validity and will not be considered for reasons hereinafter made apparent.
The respondent’s counsel further moved for the dismissal of both claims for lack of jurisdiction. The Court took the motion *187 under consideration and, upon the request of the claimants and agreement of the respondent, proceeded to hear testimony upon the merits of the claims.
In substance, the evidence adduced by the claimants shows that at times of heavy rainfall, water from the highway is collected, drained through a pipe and discharged upon and near the claimants’ properties and that as a result the claimants have sustained and will continue to sustain damages. On the other hand, the respondent contends that the subject properties lie in a natural drainage area and denies responsibility for any damages.
The Act creating the Court of Claims, Code 14-2-14, provides as follows:
“The jurisdiction of the court shall not extend to any claim: ***5. With respect to which a proceeding may be maintained against the state by or on behalf of the claimant in the courts of the state.”
The question to be decided is whether these claims fall within the legislative prohibition.
It is well established that the State Road Commission may be compelled by mandamus to institute condemnation proceedings to determine damages to real estate and compensate property owners. Such an action is not a suit against the State in contravention of Article VI, Section 35, of the Constitution. Hardy v. Simpson, 118 W. Va. 440; Riggs v. State Road Commissioner, 120 W. Va. 298; State v. Graney, 143 W. Va. 643; State ex rel. French v. Sawyers, 147 W. Va. 619; Smeltzer v. Sawyers, 149 W. Va. 641. Syllabus 1 of State ex rel. Griggs v. Graney, 143 W. Va. 610, states:
“If a highway construction or improvement results in probable damage to private property without an actual taking thereof and the owners in good faith claim damages, the State Road Commissioner has the statutory duty to institute proceedings within a reasonable time after completion of the work to ascertain damages, if any, and, if he fails to do so, after reasonable time, mandamus will lie to require the institution of such proceedings.”
In State ex rel. Pearl W. Lynch v. State Road Commission, 151 W. Va. 858, the Court held that evidence given by petitioner *188 and corroborated by other witnesses to the effect that since construction of a state highway adjacent to petitioner’s land, petitioner had been subjected to heavier, more damaging and longer flooding was sufficient to entitle petitioner to have eminent domain proceedings brought against her by the State Road Commission for the purpose of determining whether she had suffered damages and the amount thereof, if any. The Court said:
“The testimony and allegations of the parties in relation to the alleged damage are in conflict. This is not unusual in our adversary system of justice. However, as hereinbefore related, in a proceeding of this nature, We are not called upon to determine whether or not the respondent has actually caused damage to the petitioner’s property. It is sufficient if the petitioner has made a good faith showing of probable damage.”
The claimants contend that their properties have been damaged and. continue to be damaged as a direct result of the construction and maintenance of the respondent’s highway. Under the cases cited, a mere showing of probable damage would require the award of a writ of mandamus, and the claimants, being entitled to a full judicial hearing and determination of the question, would have their day in Court. As mandamus proceedings may be maintained against the State by these claimants, it is clear that this case comes within the jurisdictional prohibition set out in Section 14, Article 2, Chapter 14 of the Code of West Virginia, and accordingly, these claims are hereby dismissed.