297 S.E.2d 448

**STATE ex rel. Clarence McCORMICK, et al., etc.**

v.

**Charles MILLER, Commr., WVDOH, et al.**

**No. 15217.**

Supreme Court of Appeals of West Virginia.

Oct. 29, 1982.

Masters & Taylor and Barbara J. Keefer, Charleston, for appellants.

Daniel Duvall, Legal Division, West Virginia Dept. of Highways, Charleston, for appellees.

**PER CURIAM:**

The appellants in this proceeding, Clarence McCormick and his wife, petitioned the Circuit Court of Kanawha County to mandamus the Department of Highways to condemn a portion of their land in Kanawha County. The circuit court found that they had failed to show that they were entitled to mandamus relief and denied the petition. After examining the record we conclude that the writ of mandamus should have been issued, and we reverse the decision of the circuit court.

In 1972 the Department of Highways placed rock fill around one of the abutments of a public highway bridge crossing the Elk River above the appellants' home. After the placement of the fill the appellants instituted this proceeding to compel the Department of Highways to condemn a portion of their land. They alleged that the fill had altered the course of the river and had caused substantial erosion of their river bank.

In hearings subsequently conducted by the circuit court the appellants called a number of witnesses who testified about the erosion. Clarence McCormick stated that before 1972 he had had no problem with erosion, that his property had sloped gradually down to the river. He said that in 1972 the river current shifted and that since that time he had lost six or eight feet of bank and a number of large trees. Raymond Freer, one of the appellants' neighbors, testified that he had lived in the area since 1935 and that prior to 1972 there had been few problems with erosion. He stated that since 1972 the erosion had been frightening. He indicated that he had noticed a shift in the river current since the Department of Highways placed the fill. Mrs. Edith McCormick testified that there had been no problem with erosion before 1972 and that since that time several feet of the bank had been lost. She also said that the United States Army Corps of Engineers had issued a permit to allow the rip-rapping of the bank to prevent erosion.

The appellants called David Khouri, a professional engineer, as an expert witness. In a hypothetical question to him, they summarized what had happened regarding the abutment and their property. He was asked whether, based on that information and his own observations, he had an opinion as to the cause of the erosion. He responded that in his opinion the erosion was caused by unnatural causes, and he indicated that the principal unnatural cause was the placing of the fill by the Department of Highways.

The Department of Highways called two witnesses, Ralph N. Howard who surveyed the area in question, and William Domico, Director of the Structures Division of the Department. Mr. Domico testified that he had concluded, based on the surveys conducted by Mr. Howard, that the fill placed by the Department had not caused any appreciable increase in the velocity of the stream and that it had not caused an appreciable change in the elevation of the water. The implication of his testimony was that the filling of the abutment was not principally responsible for the erosion which had occurred.

In syllabus point 1 of *State ex rel. Rhodes v. West Virginia Department of Highways*, 155 W.Va. 735, 187 S.E.2d 218 (1972), we said:

"If a highway construction or improvement project results in probable damage to private property without an actual taking thereof and the owners in good faith claim damages, the West Virginia Commissioner of Highways has a statutory duty to institute proceedings in eminent domain within a reasonable time after completion of the work to ascertain the amount of damages, if any, and, if he fails to do so, after reasonable time, mandamus will lie to require the institution of such proceedings."

*See* also, *State ex rel. Cutlip v. Sawyers*, 147 W.Va. 687, 130 S.E.2d 345 (1963); *State ex rel. French v. State Road Commission*, 147 W.Va. 619, 129 S.E.2d 831 (1963); *State ex rel. Griggs v. Graney*, 143 W.Va. 610, 103 S.E.2d 878 (1958); *Riggs v. State Road Commissioner*, 120 W.Va. 298, 197 S.E. 813 (1938).

In *State ex rel. Teter v. State Road Commission*, 152 W.Va. 805, 166 S.E.2d 757 (1969), we discussed the evidence necessary to support the issuance of a writ of mandamus to compel the institution of eminent domain proceedings. The *Teter* case involved highly conflicting evidence on whether road construction had altered the course of a water flow. The evidence presented by the petitioners warranted the relief sought; that introduced by the respondent did not warrant the granting of relief. After analyzing the evidence we concluded:

"In cases of this kind where the evidence is conflicting but there is reason to believe that the construction of the road by the respondent could have caused damage to the petitioners' land and the evidence indicates that there was probable damage, a writ of mandamus will lie to require the institution of eminent domain proceedings in order to have a jury to determine such matters." 152 W.Va. at 809, 166 S.E.2d at 760.

The problem and facts in the case before us are analogous to those in *Teter*. The issue is whether the Department of Highways altered the natural flow of water and whether that diversion damaged the appellants' property. The appellants' evidence supports such a view. Both Clarence McCormick and Raymond Freer testified that there had been a perceptible change in the current of the river after the Department of Highways placed the fill, and that a substantial portion of the appellants' land had been lost to erosion. The testimony of witness Khouri indicated that the alteration of the water flow damaged the appellants' property. On the other hand, the testimony of Mr. Domico for the Department of Highways supports the view that the Department's filling had little effect on the river or the appellants' property. We believe that given the *prima facie* case established by the appellants and the conflicting evidence introduced by the Department of Highways, the *Teter* case requires that the writ of mandamus issue.

The judgment of the Circuit Court of Kanawha County is, therefore, reversed, and this case is remanded with directions that the court issue the writ of mandamus sought by the appellants.

Reversed and remanded.