506 S.E.2d 825

STATE of West Virginia ex rel. Mervin HENSON and Karen Henson, Petitioners below, Appellants,

v.

WEST VIRGINIA DEPARTMENT OF TRANSPORTATION, DIVISION OF HIGHWAYS, Respondent below, Appellee.

No. 24897.

Supreme Court of Appeals of West Virginia.

Submitted June 3, 1998.

Decided July 14, 1998.

Dissenting Opinion of Justice Starcher July 17, 1998.

---

Starcher, J., issued dissenting opinion.

Kathleen T. Pettigrew, Masters & Taylor, L.C., Charleston, for Appellants.

William T. Rice, Charleston, for Appellee.

## PER CURIAM: [1]

The appellants, Mervin and Karen Henson, appeal a September 11, 1997 order of the Circuit Court of Kanawha County that dismissed the appellants' petition for a writ of mandamus to compel the appellee West Virginia Department of Transportation ("DOT") to institute eminent domain proceedings. The appellants argue that the circuit court erred in granting the appellee's motion to dismiss and erred in failing to issue the writ of mandamus. Following our review of the record in this case and the arguments of the parties, we affirm the circuit court.

### I.

In 1993, appellants purchased a home in St. Albans, West Virginia. Approximately 2 years after purchasing their property, appellants' house and personal property were damaged due to flooding. Two months after the first flood, a second heavy rain occurred and appellants again experienced damage to both their house and personal property.

The appellants believed that the flooding was caused by water backing up in and discharging from the ditches, culverts and pipelines along State Route 35 and flowing onto the appellants' property and onto the property of the appellants' neighbors. According to the appellants' brief, the appellants and their neighbors contacted appellee DOT and requested that the DOT take action to remedy the flooding.

When no action was taken by the DOT, appellants filed a petition for a writ of mandamus in the Circuit Court of Kanawha County seeking to compel the appellee to institute eminent domain proceedings. Appellants argued that the damage done to their real and personal property constituted a taking by the appellee, and that appellants should be compensated for this taking of their property. The appellee filed a response to the petition and a motion to dismiss.

A hearing to show cause was held on April 8, 1997, at which the appellee argued that the petition should be dismissed because the appellee had done nothing to cause the flooding. The circuit court determined that the issue before the court was a question of law and did not require the presentation of evidence. The parties were instructed to submit briefs on appellee's motion to dismiss, and following the submission of briefs, the circuit court granted the appellee's motion by order dated September 11, 1997.

This appeal followed.

### II.

Our standard of review is *de novo* in cases in which a motion to dismiss a petition for a writ of mandamus has been granted. *Ewing v. The Board of Education of the County of Summers*, 202 W.Va. 228, 503 S.E.2d 541 (1998).

It is well settled law that "[a] writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus Point 2, *State ex rel. Kucera*

---

1. We point out that a *per curiam* opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

*v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969). *In accord,* Syllabus Point 1, *State ex rel. Billy Ray C. v. Skaff,* 190 W.Va. 504, 438 S.E.2d 847 (1993); Syllabus Point 1, *Smith v. West Virginia State Board of Education,* 170 W.Va. 593, 295 S.E.2d 680 (1982).

■ Our common law, our statutes [2] and our constitution guarantee that no person shall be deprived of his or her property without just compensation. This Court has said:

> Section 9, Article 3 of the Constitution which provides that "Private property shall not be taken or damaged for public use, without just compensation" requires action on the part of the state, its sub-divisions or instrumentalities, to ascertain damages and compensate owners of property for the taking thereof or damage thereto, incident to any public improvement for which such property may be appropriated.

Syllabus Point 1, *Hardy et al. v. Simpson,* 118 W.Va. 440, 190 S.E. 680 (1937).

■ If a real property owner can prove that the state, acting through the DOT, has taken his or her property, then the property owner is entitled to just compensation for the property taken. Should the state fail to initiate eminent domain procedures to provide compensation for taken property, then the property owner may seek a writ of mandamus to compel the state to institute eminent domain proceedings. We have held:

> If a highway construction or improvement results in probable damage to private property without an actual taking thereof and the owners in good faith claim damages, the State Road Commissioner has the statutory duty to institute proceedings within a reasonable time after completion of the work to ascertain damages, if any, and, if he fails to do so, after reasonable time, mandamus will lie to require the institution of such proceedings.

Syllabus Point 1, *State ex rel. Griggs v. Graney,* 143 W.Va. 610, 103 S.E.2d 878 (1958).

■ Therefore, the appropriate remedy for a property owner whose property has been taken or damaged by the DOT when the department takes no action to compensate an injured property owner is to seek a writ of mandamus to compel the DOT to institute eminent domain proceedings. The appellants took such action in this case.

■ However, while the appellants may seek a writ of mandamus, they still must meet the three-pronged test set forth in *Kucera, supra.* In its findings of facts the circuit court found that the flooding did cause both permanent and temporary damage to appellants' property. The court further determined that the "Division of Highways" [DOT] had not made any substantial changes in the section of Route 35 which was adjacent to appellants' property. The appellants' complaint alleged that the damages first occurred approximately 2 years after they purchased their property. *Griggs, supra,* requires that any claim for damages must be made "within a reasonable time after completion of . . . work" done by the DOT.

■ The circuit court concluded as a matter of law that the appellants failed to prove any of the elements necessary to require the DOT to institute eminent domain proceedings. Without addressing whether the appellants failed to meet all requirements to mandate the institution of proceedings by the DOT, we do agree with the trial court to the extent that "[t]here is no legal duty on the part of the Division of Highways [DOT] to condemn real property merely because that property is damaged by flooding which may occasionally occur."

Appellants have failed to show that they have a "clear legal right" to the relief sought. *Kucera, supra.* To be entitled to the relief requested, property owners are required that show that the appellee has taken or damaged their property within a reasonable time after construction or improvements are made by the DOT. The record before this Court contains no showing that the appellee took any action which would have resulted in the damages to the appellants' property.

Therefore, we find that the appellants failed to meet the requirements necessary

---

2. *W.Va.Code,* 54–1–1 to 54–2–20.

for a writ of mandamus to be issued. We affirm the circuit court.

Affirmed.

STARCHER, Justice, dissenting:

(Filed July 17, 1998)

I disagree with the majority's opinion that the Hensons failed to meet the requirements necessary for a writ of mandamus to be issued. The majority is correct in reiterating that the appropriate recourse for property owners, whose property is damaged by the Department of Transportation ("DOT"), is to compel eminent domain proceedings by filing a petition for a writ of mandamus against the DOT.[1]

The majority opinion rests on the Hensons' failure to introduce evidence to "establish a set of facts that show that the appellee has taken or damaged their property...." 203 W.Va. at 232, 506 S.E.2d at 828. However, the majority inexplicably ignores the fact that the circuit court never permitted the Hensons to introduce any evidence. Thus, the majority faults the Hensons for failing to do what the circuit court would not permit them to do.

According to their brief, the Hensons were prepared at the show cause hearing to present witnesses and photographic evidence to establish that the DOT had "altered the drainage system by paving and widening the roadway and by blocking one of the drainage pipes...."

The majority is applying the wrong standard to establish the Hensons' burden. This Court has stated:

Where a petitioner seeks in a mandamus proceeding to compel the State Road Commissioner [DOT] to institute proceedings to ascertain damages to private property allegedly caused by the State Road Commissioner in a highway construction or improvement, the clear legal right which the petitioner must show is not that there has

been damages or what the amount of damages is, but that there is *reasonable cause to believe that these question should be resolved by a judge* and a jury of freeholders in the county in which the property is located.

Syllabus Point 2, *State ex rel. Phoenix Insurance Company v. Ritchie*, 154 W.Va. 306, 175 S.E.2d 428 (1970) (emphasis added). The majority's opinion would require that the Hensons prove their damages prior to obtaining a writ of mandamus. Clearly under *Phoenix, supra*, that is not a burden the Hensons must shoulder in the mandamus proceeding. In *Orlandi v. Miller*, 192 W.Va. 144, 147, 451 S.E.2d 445, 448 (1994) (*per curiam*), we stated:

To be entitled to mandamus relief, the parties seeking such relief are not required to establish that they will ultimately recover damages in the requested condemnation proceeding. They must only show that they have suffered probable damage to their private property.

I do agree with the majority that before a writ will be issued, property owners must show a clear legal right to the relief sought. However, as we have held,

... it would not be appropriate or legally permissible for the Court to undertake in these proceedings in mandamus to consider and adjudicate the questions which may arise upon proper pleadings and proof in subsequent proceedings in eminent domain.

*State ex rel. French v. State Road Commission*, 147 W.Va. 619, 621, 129 S.E.2d 831–33 (1963).

Facts similar to those in the instant case occurred in *State ex rel. Smeltzer v. Sawyers*, 149 W.Va. 641, 142 S.E.2d 886 (1965). In *Smeltzer*, the petitioner sought a writ of mandamus to compel the state road commissioner to institute eminent domain proceed-

---

1. As this Court has held:

   If a highway construction or improvement results in probable damage to private property without an actual taking thereof and the owners in good faith claim damages, the State Road Commissioner [DOT] has the statutory duty to institute proceedings within a reason-able time after completion of the work to ascertain damages, if any, and, if he fails to do so, after reasonable time, mandamus will lie to require the institution of such proceedings.

   Syllabus Point 1, *State ex rel. Griggs v. Graney*, 143 W.Va. 610, 103 S.E.2d 878 (1958).

ings against the petitioner so as to ascertain compensation for some damage caused to petitioner's house.

The petitioner, in *Smeltzer*, alleged that the damage to her house had been caused by water draining onto her property. The state road commissioner denied the allegations, claiming that the petitioner was at fault for not properly maintaining the drainpipe located on petitioner's property. In *Smeltzer*, this Court stated that there was "some doubt in the minds of the members of this Court as to whether the damage alleged in the petition and testified to by the petitioner in her deposition is caused by [the respondent]...." *Smeltzer*, 149 W.Va. at 643, 142 S.E.2d at 889.

Despite doubts about the sufficiency of evidence in *Smeltzer*, this Court granted the petitioner a writ of mandamus so that the "petitioner may have her day in court, but it will be incumbent upon her to prove by a preponderance of the evidence, beyond mere speculation or conjecture, that her property had been damaged and that the proximate cause of such damage was the [respondent]...." *Smeltzer*, 149 W.Va. at 644–645, 142 S.E.2d at 889.

The majority opinion also failed to discuss the lower court's holding that the Hensons were, as a matter of law, not entitled to claim damages for personal property. The circuit court cited as authority for its ruling *State ex rel. Firestone Tire and Rubber Co. v. Ritchie*, 153 W.Va. 132, 168 S.E.2d 287 (1969), a case that suggests that a party cannot recover for damages to personal property in an eminent domain proceeding. We expressly held in *G.M. McCrossin, Inc. v. West Virginia Board of Regents*, 177 W.Va. 539, 355 S.E.2d 32 (1987), contrary to *Firestone, supra*, that "the statutory eminent domain procedure can, in the appropriate case, be utilized to set compensation for personal property." *McCrossin*, 177 W.Va. at 545, 355 S.E.2d at 38. The circuit court was, therefore, clearly wrong to state that there is no legal authority to entitle a party to recover for damage to personal property in an eminent domain proceeding.

In summary, I believe the circuit court was wrong to deny the writ of mandamus as a matter of law and that this wrong was simply carried forward by this Court's decision in denying the writ because the Hensons failed to "establish a set of facts that show that the appellee [had] taken or damaged their property." For these reasons I respectfully dissent.