542 S.E.2d 836

**Verla SHAFFER, Plaintiff Below, Appellant,**

v.

**WEST VIRGINIA DEPARTMENT OF TRANSPORTATION, DIVISION OF HIGHWAYS, Defendant Below, Appellee.**

No. 27446.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 19, 2000.

Decided Dec. 1, 2000.

674

Kathleen T. Pettigrew, David L. White, Masters & Taylor, L.C., Charleston, for the Appellant.

Joseph M. Brown, Parkersburg, for the Appellee.

PER CURIAM.

Ms. Shaffer appeals an order of the Circuit Court of Jackson County that dismissed her complaint seeking a writ of mandamus to compel the West Virginia Department of Transportation, Division of Highways, to institute eminent domain proceedings for the purpose of ascertaining the damages, if any, caused to her property as a result of the construction of a storm water drainage system to serve the highways in the area of her home. We find that the circuit court erred in dismissing her complaint. Consequently, we reverse and remand for additional proceedings.

## I.

### FACTUAL AND PROCEDURAL HISTORY

It is undisputed that in 1997, the West Virginia Department of Transportation, Division of Highways, appellee herein and defendant below (hereinafter "DOH"), constructed storm water drainage ditches and culverts along Linden Lane and its cross streets in Evans, Jackson County, West Virginia. Verla Shaffer, appellant herein and plaintiff below (hereinafter "Ms. Shaffer"), owns real property located at 112 Linden Lane. According to Ms. Shaffer, the drainage system for the Linden Lane area includes "drainage ditches and culverts along Linden Lane and its cross streets which gather water runoff from Linden Lane and the surrounding area and discharge it into several ditches running ... in front of, across the street from, and perpendicular to" her property and home.

Ms. Shaffer avers that during a rainstorm on our about June 2, 1997, which was within one week of the completion of the Linden Lane area drainage system, Ms. Shaffer's property, home, and garage were flooded.[1] According to Ms. Shaffer, this flooding caused damage to her home, yard, garage and numerous items of personal property. Ms. Shaffer contends that this flooding was caused when the ditches and culverts on Linden Lane and its cross streets overflowed during the rainstorm discharging large volumes of water onto her property. She further asserts that the ditches and culverts have continued to periodically overflow and discharge large volumes of water onto her property, thereby repeatedly and continuously damaging her real and personal property.

Prior to the DOH's construction of the drainage system in the Linden Lane area, Ms. Shaffer states, she did not have a flooding problem.

Ms. Shaffer maintains that, after repeatedly notifying the DOH of the damage to her property, and repeated unsuccessful attempts to get the DOH to repair the drainage system, she filed, on January 22, 1999, in the Circuit Court of Jackson County, a "PETITION FOR WRIT OF MANDAMUS TO COMPEL EMINENT DOMAIN PROCEEDINGS," alleging that the damages to her property were "a direct and proximate result of [the DOH's] failure to design, construct and maintain its storm water system i.e., the ditches and culverts, on Linden Lane and its cross streets, ... so as to prevent their overflow and flooding of [her] property," and seeking to compel the DOH to "initiate eminent domain proceedings pursuant to West Virginia Code, Chapter 54, Article 1, to determine the amount of the damages incurred by [Ms. Shaffer] which were caused by [the DOH,] and to compensate her for said damages."[2] In response to Ms. Shaffer's petition, the DOH filed a motion to dismiss asserting that, under the version of Rule 71B of the West Virginia Rules of Civil Procedure that became effective on April 6, 1998, Ms. Shaffer's action should have been filed as a complaint.[3] By order entered March 30, 1999, the circuit court granted the DOH's motion to dismiss, but preserved Ms. Shaffer's right to properly apply to that court for a writ of mandamus.

Thereafter, on April 27, 1999, Ms. Shaffer filed a complaint, conforming with W. Va. R. Civ. P. 71B, asserting the same allegations

---

1. The DOH contends that, on June 2, 1997, the area of Evans, West Virginia, experienced a significant rain storm that, prior to run off, caused surface flooding of an extensive portion of the area. Otherwise, in its brief filed in this Court, the DOH does not dispute Ms. Shaffer's account of repeated flooding and consequent damage to her property.

2. Ms. Shaffer notes that one of her neighbors on Linden Lane also suffered damage from repeated flooding following the DOH's construction of the drainage system. According to Ms. Shaffer, the DOH instituted an eminent domain proceeding regarding that neighbor's property in December, 1998.

3. Rule 71B of the West Virginia Rules of Civil Procedure states, in relevant part:

 (a) *Applicability of rules.*—The West Virginia Rules of Civil Procedure govern the procedure for the application for, and issuance of, extraordinary writs.
 ....
 (c) *Complaint.*—(1) Caption.—The complaint shall contain a caption as provided in Rule 10(a) except that the plaintiff shall name as defendants the agencies, entities, or individuals of the State of West Virginia to which the relief shall be directed.
 (2) Contents.—The complaint shall contain a short and plain statement of the authority for the writ demanded....

against the DOH and requesting the same relief as in her earlier petition. Once again, the DOH responded by filing a motion to dismiss asserting that Ms. Shaffer's action was not cognizable in mandamus.[4] According to Ms. Shaffer, the court heard oral arguments, but did not accept any evidence before ruling on the DOH's motion. Subsequently, by order entered August 2, 1999, the circuit court granted the DOH's motion and dismissed Ms. Shaffer's complaint, with prejudice. In its order, the circuit court first found that the issue before it constituted a question of law, which was "squarely in the breast of the Court." Nevertheless, the circuit court provided the following rationale, based upon factual determinations, for its decision to grant the DOH's motion to dismiss:

> [Ms. Shaffer has] failed to prove any of the elements of *State ex rel. Kucera,*[5] necessary to require the Defendant to institute eminent domain proceedings. [Ms. Shaffer] has not demonstrated to this Court that [the DOH] has taken or damaged her property within a reasonable time after construction or improvements that were made by the [DOH]. The record before this Court contains no showing that the [DOH] took any action which could have possibly damaged [Ms. Shaffer's] property. In fact, the area which was flooded could not have been caused by [the DOH's] actions on Linden Lane.

**4.** The record designated on appeal does not contain a motion to dismiss filed by the DOH. There is contained in the record a "MOTION FOR JUDGMENT ON THE PLEADINGS," which was filed by the DOH on May 26, 1999. Thus, it appears that the circuit court may have treated this motion as a motion to dismiss. However, there is no such explanation or any mention of a motion for judgment on the pleadings in the circuit court's final order.

**5.** In syllabus point two of *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969), this Court set forth the elements that must coexist before a writ of mandamus will lie. These specific elements are discussed in the body of this opinion.

**6.** We have reiterated, on numerous occasions, that *per curiam* opinions are not legal precedent. *See, e.g., Lawyer Disciplinary Bd. v. Neely,* 207 W.Va. 21, 22 n. 1, 528 S.E.2d 468, 469 n. 1

(Footnote added). Moreover, in deciding to dismiss Ms. Shaffer's complaint, the circuit court expressly relied on *State ex rel. Henson v. West Virginia Dep't of Transp., Div. of Highways,* 203 W.Va. 229, 506 S.E.2d 825 (1998) (per curiam),[6] stating:

> Although the previously cited case of *State ex rel. Henson* was a *per curiam* decision of the West Virginia Supreme Court of Appeals, [this Circuit Court] is of the opinion that the procedure followed by the Circuit Court of Kanawha County in that case is the same procedure this Court should follow in deciding this issue.

It is from this order that Ms. Shaffer appeals.

## II.

### STANDARD OF REVIEW

■ "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 461 S.E.2d 516 (1995).

## III.

### WRIT OF MANDAMUS TO INSTITUTE EMINENT DOMAIN PROCEEDINGS

■ Ms. Shaffer argues that the West Virginia Constitution, Article III, Section 9,[7] and W. Va.Code § 54–1–1 *et seq.,* protect property owners from the taking of, *or damage to,*

(1998) ("We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).").

**7.** Article III, Section 9 of the West Virginia Constitution states:

> Private property shall not be taken or damaged for public use, without just compensation; nor shall the same be taken by any company, incorporated for the purposes of internal improvement, until just compensation shall have been paid, or secured to be paid, to the owner; and when private property shall be taken, or damaged, for public use, or for the use of such corporation, the compensation to the owner shall be ascertained in such manner, as may be prescribed by general law; provided, that when required by either of the parties, such compensation shall be ascertained by an impartial jury of twelve freeholders.

their property by the government without just compensation. When the DOH carries out such a taking and then fails to properly institute an eminent domain proceeding, Ms. Shaffer contends, a property owner may seek a writ of mandamus to compel the eminent domain proceeding wherein the property owner may seek compensation for his or her damages. Ms. Shaffer asserts that, by virtue of the circuit court's decision, she has been improperly denied the opportunity to present her evidence that her property was flooded and damaged as a result of the actions of the DOH. She asks this Court to reverse the order of the circuit court and allow her to have her day in court.[8]

■ With regard to a property owners right to recover for damages caused to private property by the DOH, we have held:

If a highway construction or improvement project results in probable damage to private property without an actual taking thereof and the owners in good faith claim damages, the West Virginia Commissioner of Highways has a statutory duty to institute proceedings in eminent domain within a reasonable time after completion of the work to ascertain the amount of damages, if any, and, if he fails to do so, after reasonable time, mandamus will lie to require the institution of such proceedings.

Syl. pt. 1, *State ex rel. Rhodes v. West Virginia Dep't of Highways*, 155 W.Va. 735, 187 S.E.2d 218 (1972). *Accord* Syl. pt. 1, *State ex rel. Phoenix Ins. Co. v. Ritchie*, 154 W.Va. 306, 175 S.E.2d 428 (1970); Syllabus, *State ex rel. Lynch v. State Road Comm'n*, 151 W.Va. 858, 157 S.E.2d 329 (1967); Syl. pt. 1, *State ex rel. Griggs v. Graney*, 143 W.Va. 610, 103 S.E.2d 878 (1958). Thus, the proper course of action for an aggrieved property owner who believes his or her property has sustained damage as a result of highway construction or improvement by the DOH, after a reasonable time without appropriate action by the DOH, is to file a complaint in the circuit court seeking a writ of mandamus.

■ The standard for issuing a writ of mandamus is well established:

"A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief

---

8. The DOH responds to Ms. Shaffer's arguments by asserting that the State is entitled to Sovereign Immunity with regard to this case pursuant to the West Virginia Constitution, Article VI, Section 35, which states:

The State of West Virginia shall never be made defendant in any court of law or equity, except the State of West Virginia, including any subdivision thereof, or any municipality therein, or any officer, agent, or employee thereof, may be made defendant in any garnishment or attachment proceeding, as garnishee or suggestee.

We find the DOH's argument to be without merit as it has been repeatedly rejected by this Court. For example, in *State ex rel. Rhodes v. West Virginia Dep't of Highways*, 155 W.Va. 735, 738, 187 S.E.2d 218, 220–21 (1972), we stated:

Section 9 of Article III of the Constitution of West Virginia provides that private property "shall not be taken or damaged for public use, without just compensation; * * *." Section 35 of Article VI of the Constitution provides that "The State of West Virginia shall never be made defendant in any court of law or equity, * * *." In the light of these two constitutional provisions, this Court has repeatedly held that the West Virginia Department of Highways, (formerly designated as The State Road Commission), an agency of the state, may be required by mandamus to institute eminent domain proceedings in order to ascertain just compensation for private land taken or dam-

aged for state highway purposes. *State ex rel. French v. State Road Commission*, 147 W.Va. 619, 129 S.E.2d 831 [(1963)]; *Hardy v. Simpson*, 118 W.Va. 440, 190 S.E. 680 [(1937)]. *See also* [Syl. pt. 3,] *Johnson v. City of Parkersburg*, 16 W.Va. 402[ (1880)].

Similarly, in *State ex rel. Phoenix Ins. Co. v. Ritchie*, 154 W.Va. 306, 311–12, 175 S.E.2d 428, 431 (1970), this Court observed:

Article III, Section 9, of the Constitution of this State provides that "[p]rivate property shall not be taken or damaged for public use, without just compensation . . . ." However, Article VI, Section 35, of the Constitution provides that "[t]he State of West Virginia shall never be made defendant in any court of law or equity . . . ." These constitutional provisions appear to be irreconcilable, but this Court has held that if the State Road Commissioner abuses his discretion in failing to institute an action of eminent domain against a property owner who alleges that his property has been taken or damaged as a result of the construction of a public highway, such commissioner will by this Court be directed in a mandamus proceeding to institute such action to determine whether property has been taken or damaged and, if so, the amount of damage the property owner has suffered.

(Citation omitted). *See also State ex rel. Smeltzer v. Sawyers*, 149 W.Va. 641, 643, 142 S.E.2d 886, 888 (1965) (same).

sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus point 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969).

Syl. pt. 1, *State ex rel. Davis v. Vieweg,* 207 W.Va. 83, 529 S.E.2d 103 (2000). Syllabus point one of *Rhodes,* quoted above, establishes the DOH's statutory duty to institute eminent domain proceedings to ascertain damages caused to private property under the circumstances described in that syllabus point. *Rhodes* further establishes that mandamus is the appropriate remedy for a property owner when the DOH has failed to act in accordance therewith. With respect to the remaining requirement for the issuance of a writ of mandamus, a clear legal right to the relief sought, we have described the burden on the property owner as follows:

> Where a petitioner seeks in a mandamus proceeding to compel the State Road Commissioner to institute proceedings to ascertain damages to private property allegedly caused by the State Road Commissioner in a highway construction or improvement, *the clear legal right which the petitioner must show is not that there has been damages or what the amount of the damages is, but that there is reasonable cause to believe that these questions should be resolved by a judge and a jury of freeholders in the county in which the property is located.*

Syl. pt. 2, *State ex rel. Phoenix Ins. Co. v. Ritchie,* 154 W.Va. 306, 175 S.E.2d 428 (1970) (emphasis added). *See also Lynch,* 151 W.Va. at 861, 157 S.E.2d at 331 ("It has long been established, therefore, that a clear legal right has been shown in a case of this nature when it appears that the petitioner has made a good faith showing of probable damage to his property." (citations omitted)); *State ex rel. Smeltzer v. Sawyers,* 149 W.Va. 641, 644, 142 S.E.2d 886, 889 (1965) ("The clear legal right which a petitioner must show in such

cases is not that he has been damaged or what the amount of the damages is, but that there is reasonable cause to believe that these questions should be resolved by a judge and a jury of freeholders in the county in which the property is located.").

 Here, the circuit court apparently granted the DOH's motion to dismiss based upon its conclusion that Ms. Shaffer failed to meet all the elements required for the issuance of a writ of mandamus in that she failed to "demonstrate ... that the [DOH] has taken or damaged her property within a reasonable time after construction or improvements that were made by the [DOH]." By requiring Ms. Shaffer to demonstrate that the DOH has damaged her property, the circuit court applied an incorrect standard. As noted above, Ms. Shaffer is required only to show "that there is *reasonable cause to believe*" that *the question* of whether there has been damage to her property that resulted from highway construction or improvement *should be resolved by a judge and jury.* Syl. pt. 2, in part, *Phoenix,* 154 W.Va. 306, 175 S.E.2d 428 (emphasis added). Moreover, we have explained that "[g]enerally, a motion to dismiss should be granted only where 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Ewing v. Board of Educ. of County of Summers,* 202 W.Va. 228, 235, 503 S.E.2d 541, 548 (1998) (citations omitted).[9] We find that the allegations in Ms. Shaffer's complaint, when viewed in the light most favorable to her, were more than adequate to overcome the DOH's motion to dismiss. *See State ex rel. McGraw v. Scott Runyan Pontiac–Buick, Inc.,* 194 W.Va. 770, 776, 461 S.E.2d 516, 522 (1995) ("The circuit court, *viewing all the facts in a light most favorable to the nonmoving party,* may grant the motion only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his[, her, or its] claim which would entitle him[, her, or it] to relief.'" (emphasis added) (citations omitted)).

9. If the DOH's motion was, in fact, a motion for judgment on the pleadings, *see supra* note 4, the applicable standard is the same. *See Kopelman and Assocs., L.C. v. Collins,* 196 W.Va. 489, 493, 473 S.E.2d 910, 914 (1996) ("The motion was characterized as a judgment on the pleadings

pursuant to Rule 12(c) of the West Virginia Rules of Civil Procedure, which we will uphold only if it appears beyond doubt that the plaintiff can prove no set of facts that will support its claim for the requested relief." (footnote omitted) (citations omitted)).

■ Because the circuit court resolved Ms. Shaffer's action on a motion to dismiss, it was not proper for the court to have considered any evidence beyond the pleadings. *Poling v. Belington Bank, Inc.*, 207 W.Va. 145, 150, 529 S.E.2d 856, 861 (1999) (" '[O]nly matters contained in the pleadings may be considered on a motion to dismiss under Rule 12(b)(6)....' " (citations omitted)). Given the stage of the proceedings, it is apparent that no evidence had yet been presented to the circuit court by the parties. Nevertheless, the circuit court, though purporting to decide this action solely on questions of law, based its decision on several factual findings included in its final order. Not only are such findings inappropriate for a circuit court deciding a motion to dismiss, but the court additionally erred in making such factual findings in the context of this type of mandamus action. We have previously explained, in a case such as the one at bar, that:

> While this legal requirement of a showing of "a clear legal right" is fundamental, it is obviously true also that mandamus cannot be substituted for eminent domain; and it would not be appropriate or legally permissible for the Court to undertake in these proceedings in mandamus to consider and adjudicate the questions which may arise upon proper pleadings and proof in subsequent proceedings in eminent domain.

*State ex rel. French v. State Road Comm'n*, 147 W.Va. 619, 621, 129 S.E.2d 831, 832–33 (1963). *See also Lynch*, 151 W.Va. at 861, 157 S.E.2d at 331 ("It is not the purpose of the instant proceeding [petition for writ of mandamus to compel eminent domain proceedings], nor would it here be legally permissible, to consider and determine whether or not damages actually have been caused to the petitioner's property. This can be accomplished only in an action in eminent domain."); *State ex rel. Griggs v. Graney*, 143 W.Va. 610, 615, 103 S.E.2d 878, 881 ("[T]he condemnation proceeding will permit and require the determination of all questions which may be pertinent or necessary for an adjudication as to what rights, if any, the petitioners have; and in such a proceeding the State can make any defense which it may have as to its acts relating to this property. Such determination cannot be done in this

[mandamus] proceeding and we do not now pass upon any questions except those hereinafter specified as necessary to the determination of the controlling question here, namely, whether in this instance a writ of mandamus should be awarded.").

For the reasons explained in the body of this opinion, we conclude that the circuit court erred in granting the DOH's motion to dismiss. Consequently, we reverse the circuit court's order and remand this case for additional proceedings, not inconsistent with this opinion, to determine whether Ms. Shaffer should be awarded a writ of mandamus to compel the DOH to institute an action in eminent domain to ascertain the existence and the amount of her damages, if any, that resulted from work performed by the DOH on Linden Lane.

### IV.

### CONCLUSION

The August 2, 1999, order of the Circuit Court of Jackson County is reversed and this case is remanded for additional proceedings not inconsistent with this opinion.

Reversed and Remanded.